UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMERICAN COLLEGE OF NURSE MIDWIVES                                                          PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 3:26-CV-40-KHJ-RPM

MISSISSIPPI STATE BOARD OF MEDICAL LICENSURE et al                                          DEFENDANTS

### ORDER GRANTING MOTIONS TO APPEAR PRO HAC VICE AND ADMONISHMENT REGARDING COMPLIANCE WITH LOCAL RULES

Before the Court are the Motions to Appear Pro Hac Vice filed by Plaintiff American College of Nurse Midwives for attorneys Michael L. Sibarium, Drew A. Navikas, and Eremipagamo M. Amabebe.  [8]; [9]; [10].  The Local Rules provide that a PHV "application ordinarily should be granted unless the court finds reasons to believe that: the applicant had, before application, filed or appeared in the federal court without having secured approval under these rules."  L.U. Civ. R. 83.1(d)(7)(E).  The names and office addresses of the applicants for admission appear on the signature page of the Complaint, albeit with the notation "*Pro hac vice* motion to be filed."[1]  [1] at 44.

"The ability to appear *pro hac vice* is a privilege, not a right[.]"  *Reech v. Sullivan*, No. 3:18-CV-35-HSO-LRA, 2018 WL 1698303, *3 (S.D. Miss. Apr. 5, 2018) (quoting *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-CV-307-Orl-40GJK, 2016 WL 6125585, at *2 (M.D. Fla. Oct. 20, 2016)).  "Courts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do."  *United States v. Nolen*, 472 F.3d 362,

---

[1] The Complaint was signed and filed by attorney Robert B. McDuff, a Mississippi-licensed attorney admitted to practice before this Court.  [1] at 44.  The Complaint also includes the name of attorney Paloma Wu, a Mississippi-licensed attorney admitted to practice before this Court.  *Id.*

371 (5th Cir. 2006).

"The Court recognizes that as a practical matter, attorneys often file the complaint with his or her name listed and noting that a motion to be admitted will be filed." *Reech*, 2018 WL 1698303, *3. However, "[t]he Mississippi Supreme Court has clearly stated that a counsel's name and office address appearing on a pleading constitutes an appearance under Mississippi law." *Isom v. Valley Forge Ins. Co.*, No. 2:16-CV-109-KS-MTP, 2016 WL 4183315, *2 (S.D. Miss. Aug. 5, 2016), *aff'd*, 716 F. App'x 280, 288 (5th Cir. 2017). Indeed, the Mississippi Supreme Court has held that "a foreign attorney will be deemed to have made an appearance in a Mississippi lawsuit if the foreign attorney signs the pleadings or allows his or her name to be listed on the pleadings."[2] *In re Williamson*, 838 So.2d 226, 235 (Miss. 2002); *see also* M.R.A.P. 46(b)(1)(ii) ("'Appearance' shall include the appending or allowing the appending of the foreign attorney's name on any pleading or other paper filed or served[.]"). By allowing their names to be included on the Complaint prior to admission, the applicants made "unauthorized appearance[s] under Mississippi law." *Clayton v. City of Oxford, Miss.*, No. 3:21-CV-174-GHD-JMV, 2021 WL 4699182, *2 (N.D. Miss. Oct. 7, 2021).

The Court nevertheless exercises its discretion and grants the motion under the circumstances. While the applicants made unauthorized appearances by including their names on the Complaint prior to being admitted, the applicants did not include their signatures on the Complaint. In addition, there appear to be no other filings in this matter including their names. Lastly, the instant motions were filed within ten days of the Complaint; thus, the motions were promptly filed. As such, the Court finds that the applicants' hasty appearances, in isolation, do not warrant denial of

---

[2] The Court notes that local counsel for Plaintiff in this case was also counsel for appellants in the *In re Williamson* matter.

admission. *See Secherest v. City of Lexington*, 3:24-CV-34-TSL-MTP, 2024 WL 1639726, at *3 (S.D. Miss. Apr. 16, 2024).

As a final matter, this Court, including the undersigned, has consistently "addressed its displeasure regarding documents submitted by [a party's] local counsel that are plagued with premature signatures among non-resident attorneys." *Id.* at *2 n.5; *see Arnesen v. Raimondo*, Nos. 1:23-CV-145-TBM-RPM, 1:23-CV-160-HSO-RPM, 2023 WL 6964762, at *2 (S.D. Miss. Oct. 20, 2023). Therefore, local counsel is cautioned that pleadings and filings containing the names of counsel who have not yet been admitted pro hac vice should not be signed by local counsel under L.U. Civ. R. 83.1. Local counsel, as well as the PHV attorney, are directed to review the Local Rules for PHV admissions and their respective duties as counsel of record. Local counsel is reminded of the obligations under L.U. Civ. R. 83.1(d)(3) to "personally appear and participate in all trials, in all pretrial conferences, case management conferences and settlement conferences, hearings and other proceedings conducted in open court, and all depositions or other proceedings in which testimony is given."

IT IS THEREFORE ORDERED that the [8] [9] [10] Motions to Appear Pro Hac Vice are hereby GRANTED, and that Michael L. Sibarium, Drew A. Navikas, and Eremipagamo M. Amabebe shall be admitted to serve as co-counsel for Plaintiff American College of Nurse Midwives. Admission is conditioned upon completion of the registration procedures found on the Court's website and at the following link: https://www.mssd.uscourts.gov/attorney-admissions-page.

SO ORDERED AND ADJUDGED, this the 9th day of March 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE