# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**AMERICAN COLLEGE OF NURSEMIDWIVES**                                   **PLAINTIFF**

**vs.**                                   **Civil Action No. 3:26-cv-00040-TSL-RPM**

**MISSISSIPPI STATE BOARD OF
MEDICAL LICENSURE, KENNETH
CLEVELAND, in his official capacity as the
Executive Director of the Mississippi State
Board of Medical Licensure; CHARLES
KENNETH LIPPINCOTT, MICHELLE Y.
OWENS, RODERICK GIVENS, KIRK L.
KINARD, ALLEN GERSH, WILLIAM
EUGENE LOPER, RANDY ROTH,
CARLOS LATORRE, in their official
capacities as members of the Mississippi State
Board of Medical Licensure; RENIA R.
DOTSON, in her official capacity as a
member of the Mississippi State Board of
Medical Licensure and her official capacity
as a member of the Mississippi Board of
Nursing; SANDRA CULPEPPER, JEREMY
L. CUMMINS, LACEY T. GENTRY, JANIE
CLANTON, T.J. ADAMS, ALVENO N.
CASTILLA, CARLY WALKER, JANEL
MOODY, BEVERLY E. OLIVER,
ANDREW CALHOUN, LAWANDA
BASKIN, DANIEL MATTHEW
SISTRUNK, in their official capacities as
members of the Mississippi Board of Nursing;
and PHYLLIS POLK JOHNSON, in her
official capacity as Executive Director of the
Mississippi Board of Nursing,**                                   **DEFENDANTS**

---

## ANSWER AND DEFENSES OF DEFENDANTS

---

Defendants, Mississippi State Board of Medical Licensure ("MSBML"); Dr. Kenneth

Cleveland, in his official capacity as the Executive Director of MSMBL; Dr. Ken Lippincott, Dr.

1

Michelle Owens, Dr. Roderick Givens, Dr. Kirk Kinard, Dr. Allen Gersh, Dr. William Loper, Dr. Randy Roth, Dr. Carlos Latorre, in their official capacities as members of the MSBML; Dr. Renia Dotson, in her official capacity as a member of both the MSBML and Mississippi Board of Nursing ("MSBN"); Phyllis Johnson, in her official capacity as Executive Director of the MSBN; Sandra Culpepper, Jeremy Cummins, Lacey Gentry, Janie Clanton, T.J. Adams, Alveno Castilla, Carly Walker, Janel Mood, Beverly Oliver, Andrew Calhoun, Lawanda Baskin, Daniel Sistrunk, in their official capacities as members of the MSBN, and file their Answer and Defenses to the Complaint filed by the American College of Nurse Midwives, stating as follows:

## DEFENSES

### First Defense

Some or all of the Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### Second Defense

Some or all of the Plaintiff's claims may be barred, in whole or in part, by sovereign immunity.

### Third Defense

Plaintiff's federal antitrust claims are barred by *Parker* or state-action immunity.

### Fourth Defense

Some or all of Plaintiff's claims should be dismissed for lack of justiciability, including, but not limited to, for lack of standing.

### Fifth Defense

The Plaintiff has failed to adequately plead or otherwise state a cause of action for which relief can be granted.

2

**Sixth Defense**

Defendants affirmatively assert all defenses to which they are entitled, or may become entitled to, pursuant to 15 U.S.C. § 1 *et seq.*, and any other applicable federal or state statutes or regulations.

**Seventh Defense**

Defendants affirmatively assert all defenses to which they are entitled, or may become entitled to, pursuant to Fed. R. Civ. P. 8(c) and/or 12(b).

## <u>ANSWER</u>

AND NOW, Defendants respond, paragraph-by-paragraph, to the allegations of the Complaint as follows:

### INTRODUCTION

1.      Defendants admit that on August 21, 2025, the Mississippi State Department of Health ("MSDH") declared a public health emergency in response to rising infant mortality rates across the State, that data related to the health of mothers and babies in Mississippi published by the MSDH speak for themselves, and that many counties in Mississippi do not have an OB-GYN. However, Defendants deny that any of the statutes and regulations challenged by Plaintiff have caused or contributed to the "public health emergency" described in Paragraph 1 of the Complaint and deny all remaining allegations that are inconsistent with the relevant data published by MSDH.

2.      Defendants admit that MSDH declared a public health emergency on August 21, 2025 and that the document announcing said emergency speaks for itself. To the extent the allegations of Paragraph 2 of the Complaint are inconsistent with the terms of said document, they are denied.

3.      Defendants deny the allegations in the first sentence of Paragraph 3 of the Complaint. The allegations in the second and third sentences of Paragraph 3 of the Complaint are admitted.

4.      Defendants admit only that Miss. Code Ann. § 73-15-20 speaks for itself. All remaining allegations of Paragraph 4 of the Complaint are denied.

5.      The allegations of Paragraph 5 of the Complaint are denied.

6.      Defendants admit that Miss. Code Ann. § 73-15-20 and the regulations adopted by the MSBML pertaining to collaborative relationships between licensed physicians and CNMs speak for themselves. All remaining allegations in Paragraph 6 of the Complaint are denied.

7.      The allegations of Paragraph 7 of the Complaint are denied.

8.      The allegations of Paragraph 8 of the Complaint are legal conclusions, not facts. Notwithstanding, Defendants deny the allegations of Paragraph 8 of the Complaint.

**JURISDICTION AND VENUE**

9.      The allegations of Paragraph 9 of the Complaint are legal conclusions, not facts. Notwithstanding, Defendants deny the allegations of Paragraph 9 of the Complaint.

10.      The allegations of Paragraph 10 of the Complaint are legal conclusions, not facts. Notwithstanding, Defendants deny the allegations of Paragraph 10 of the Complaint.

11.      Admitted.

12.      The allegations of Paragraph 12 of the Complaint are legal conclusions, not facts. Notwithstanding, Defendants deny the allegations of Paragraph 12 of the Complaint.

13.      The allegations of Paragraph 13 of the Complaint are legal conclusions, not facts. Notwithstanding, Defendants deny the allegations of Paragraph 13 of the Complaint.

14.      Admitted.

15.    The allegations of Paragraph 15 of the Complaint are legal conclusions, not facts. Notwithstanding, Defendants deny the allegations of Paragraph 15 of the Complaint.

16.    The allegations of Paragraph 16 of the Complaint are legal conclusions, not facts. Notwithstanding, Defendants deny the allegations of Paragraph 16 of the Complaint.

**PARTIES**

17.    Admitted.

18.    Admitted.

19.    Denied as stated. Defendants admit only that Dr. Kenneth Cleaveand is the Executive Director of the MSBML, that his powers and duties are prescribed by statutes which speak for themselves, and that the powers and duties of the Board Members of the MSBML are prescribed by statutes which speak for themselves.

20.    Denied as stated. Defendants admit only that nomination and appointment process for the nine voting members of the MSBML is described in Miss. Code Ann. § 73-43-3, which speaks for itself.

21.    Admitted.

22.    Admitted

23.    Admitted.

24.    Admitted.

25.    Admitted.

26.    Admitted.

27.    Admitted.

28.    Admitted.

29.    Admitted.

30.    Admitted.

31.    Admitted.

32.    Admitted.

33.    Admitted.

34.    Admitted.

35.    Denied as stated. Defendants admit only that Phyllis Johnson is the Executive Director of the MSBN, that her powers and duties are prescribed by statutes which speak for themselves, and that the powers and duties of the Board Members of the MSBN are prescribed by statutes which speak for themselves.

36.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint, and therefore deny the same.

37.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint, and therefore deny the same.

38.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint, and therefore deny the same.

39.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint, and therefore deny the same.

40.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint, and therefore deny the same.

41.    The allegations of Paragraph 41 of the Complaint are denied.

## STATUTORY FRAMEWORK

42.     Defendants admit only that the statute cited in Paragraph 42 of the Complaint speaks for itself. To the extent the allegations of Paragraph 42 of the Complaint are inconsistent with said statute, they are denied.

43.     Defendants admit only that statutes and regulations referenced and quoted in Paragraph 43 of the Complaint, including subparagraphs "a." thru "c.", speak for themselves. All remaining allegations of Paragraph 43 of the Complaint are denied, and Defendants specifically deny that any of the challenged statutes and regulations have the effect of restricting access to healthcare or impairing the ability of CNMs to practice their profession in accordance with applicable MSBN rules and regulations.

44.     Defendants admit only that the statutes quoted in Paragraph 44 of the Complaint speak for themselves. To the extent the allegations of Paragraph 44 of the Complaint, including in footnote 1, are inconsistent with said statutes, they are denied.

45.     Defendants admit only that the statute quoted in Paragraph 45 of the Complaint speaks for itself. To the extent the allegations of Paragraph 45 of the Complaint are inconsistent with said statute, they are denied.

46.     Defendants admit only that the statute quoted in Paragraph 46 of the Complaint speaks for itself. To the extent the allegations of Paragraph 46 of the Complaint are inconsistent with said statute, they are denied.

47.     Defendants admit only that the statute quoted in Paragraph 47 of the Complaint speaks for itself. To the extent the allegations of Paragraph 47 of the Complaint are inconsistent with said statute, they are denied.

48.    Defendants admit only that the statute quoted in Paragraph 48 of the Complaint speaks for itself. To the extent the allegations of Paragraph 48 of the Complaint are inconsistent with said statute, they are denied.

49.    Defendants admit only that the statute quoted in Paragraph 49 of the Complaint speaks for itself. To the extent the allegations of Paragraph 49 of the Complaint are inconsistent with said statute, they are denied.

50.    Defendants admit only that the MSBML regulations governing physicians' collaborative relationships with CNMs speak for themselves. To the extent the allegations of Paragraph 50 of the Complaint are inconsistent with said regulations, they are denied.

51.    Defendants admit only that the statute referenced in Paragraph 51 of the Complaint speaks for itself. To the extent the allegations of Paragraph 51 of the Complaint are inconsistent with said statute, they are denied.

52.    Defendants admit only that the statute and the MSBN regulations referenced in Paragraph 52 of the Complaint speak for themselves. To the extent the allegations of Paragraph 52 of the Complaint are inconsistent with said statute and/or regulations, they are denied.

53.    Defendants admit only that the MSBN regulations referenced in Paragraph 53 of the Complaint speak for themselves. To the extent the allegations of Paragraph 53 of the Complaint are inconsistent with said regulations, they are denied.

54.    Defendants admit only that the MSBN regulations referenced in Paragraph 54 of the Complaint speak for themselves. To the extent the allegations of Paragraph 54 of the Complaint are inconsistent with said regulations, they are denied.

55.    Defendants admit only that the MSBN regulations governing discipline of CNMs and referenced in Paragraph 55 of the Complaint speak for themselves. To the extent the

allegations of Paragraph 55 of the Complaint are inconsistent with said regulations, they are denied.

## FACTUAL ALLEGATIONS

56.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint, and therefore deny the same.

57.    Defendants admit only that the infant mortality rate in Mississippi announced by the MSDH in August 2025 speaks for itself. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 57 of the Complaint, and therefore deny the same.

58.    Defendants admit only that the data related to maternal mortality in Mississippi published in 2023 by the Mississippi Maternal Mortality Review Committee speak for themselves. To the extent the allegations of Paragraph 58 of the Complaint are inconsistent with said data, they are denied.

59.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint, and therefore deny the same.

60.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint, and therefore deny the same.

61.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint, and therefore deny the same.

62.    The allegations of the first sentence of Paragraph 62 of the Complaint are admitted, upon information and belief. Defendants admit that the 2024 report published by the U.S. Department of Health and Human Services referenced in Paragraph 62 of the Complaint speaks

for itself. To the extent the allegations of Paragraph 62 of the Complaint are inconsistent with said report, they are denied.

63.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint, and therefore deny the same.

64.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint, and therefore deny the same.

65.    Defendants admit the allegations of the first sentence of Paragraph 65 of the Complaint. Defendants deny the remaining allegations of Paragraph 65 of the Complaint.

66.    Defendants admit only that the average reimbursement for a c-section is higher for a c-section than for a vaginal birth and that a c-section can normally be performed more quickly than a vaginal birth. The remaining allegations of Paragraph 66 of the Complaint are denied.

67.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint, and therefore deny the same.

68.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint, and therefore deny the same.

69.    Defendants admit only that "Lay Midwives" are not required to collaborate with a physician and are not subject to the direct oversight of the MSBN or MSBML. Defendants deny the remaining allegations of Paragraph 69 of the Complaint and specifically deny that "Lay Midwives" are being allowed to provide services that are even remotely equivalent to the services provided by a CNM in Mississippi.

70.    Defendants admit only that midwives who have not completed the educational and training requirements necessary to become a licensed CNM in Mississippi are not required to have a physician collaborator and are not subject to the direct oversight of the MSBN or MSBML.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 70 of the Complaint, and therefore deny the same.

71.    Defendants admit only that educational and training requirements that must be met in order to become a licensed CNM in Mississippi are set forth in the MSBN's regulations, which speak for themselves. To the extent the allegations of Paragraph 71 of the Complaint are inconsistent with said regulations, they are denied.

72.    Admitted.

73.    The allegations of Paragraph 73 of the Complaint are denied.

74.    Admitted.

75.    Admitted.

76.    Defendants admit only that educational requirements that must be met in order to become a licensed CNM in Mississippi are set forth in the MSBN's regulations, which speak for themselves. To the extent the allegations of Paragraph 76 of the Complaint are inconsistent with said regulations, they are denied

77.    Defendants admit only that the certification requirements that must be met in order to become a licensed CNM in Mississippi are set forth in the MSBN's regulations, which speak for themselves. To the extent the allegations of Paragraph 77 of the Complaint are inconsistent with said regulations, they are denied.

78.    Defendants admit only that the MSBN regulation referenced in Paragraph 78 of the Complaint speaks for itself. To the extent the allegations of Paragraph 78 of the Complaint are inconsistent with said regulation, they are denied.

79.    Defendants admit only that the MSBN regulations governing the licensure and discipline of CNMs referenced in Paragraph 79 of the Complaint speak for themselves. To the

extent the allegations of Paragraph 79 of the Complaint are inconsistent with said regulations, they are denied.

80.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint, and therefore deny the same.

81.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 81 of the Complaint, and therefore deny the same.

82.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 82 of the Complaint, and therefore deny the same.

83.    Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the findings of the report cited in Paragraph 83 of the Complaint, and therefore deny the allegations of Paragraph 83.

84.    Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the findings of the report cited in Paragraph 84 of the Complaint, and therefore deny the allegations of Paragraph 84.

85.    Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the findings of the report quoted in Paragraph 85 of the Complaint, and therefore deny the allegations of Paragraph 85.

86.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 86 of the Complaint, and therefore deny the same.

87.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 87 of the Complaint, and therefore deny the same.

88.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 88 of the Complaint, and therefore deny the same.

89.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 89 of the Complaint, and therefore deny the same.

90.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 90 of the Complaint, and therefore deny the same.

91.     Defendants deny the allegations of Paragraph 91 of the Complaint.

92.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 92 of the Complaint, and therefore deny the same.

93.     Defendants admit only that physicians do not have a legal obligation to collaborate with CNMs and that physicians may charge a fee to a collaborating CNM. The remaining allegations of Paragraph 93 of the Complaint are denied.

94.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 94 of the Complaint, and therefore deny the same.

95.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 95 of the Complaint, and therefore deny the same.

96.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 96 of the Complaint, and therefore deny the same.

97.     Defendants admit only that the MSBN and MSBML regulations governing collaboration between CNMs and physicians that are referenced in Paragraph 97 of the Complaint, including footnote 3, speak for themselves. To the extent the allegations of Paragraph 97 of the Complaint are inconsistent with the same, they are denied.

98.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 98 of the Complaint, and therefore deny the same..

99.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 99 of the Complaint, and therefore deny the same.

100.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 100 of the Complaint, and therefore deny the same.

101.    Defendants admit only that many counties in Mississippi do not have an Ob-Gyn. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 101 of the Complaint, and therefore deny the same.

102.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 102 of the Complaint, and therefore deny the same.

103.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 103 of the Complaint, and therefore deny the same.

104.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 104 of the Complaint, and therefore deny the same.

105.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 105 of the Complaint, and therefore deny the same.

106.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 106 of the Complaint, and therefore deny the same.

107.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 107 of the Complaint, and therefore deny the same.

108.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 108 of the Complaint, and therefore deny the same.

109.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 109 of the Complaint, and therefore deny the same.

110.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 110 of the Complaint, and therefore deny the same.

111.    Defendants admit only that the statute cited in Paragraph 111 of the Complaint speaks for itself. To the extent the allegations of Paragraph 111 of the Complaint are inconsistent with the same, they are denied.

112.    Defendants admit only that the statute cited in Paragraph 112 of the Complaint speaks for itself and that it does not apply to unlicensed midwives. All remaining allegations of Paragraph 112 of the Complaint are denied.

113.    Defendants admit only that "Lay Midwives" are not subject to the collaboration requirements of the MSBN or MSBML. Defendants deny that "Lay Midwives" are allowed to provide services in Mississippi that are even remotely comparable to the services that licensed CNMs are allowed to provide and deny the remaining of Paragraph 113 of the Complaint.

114.    Defendants admit only that "Certified Professional Midwives" are not subject to the collaboration requirements of the MSBN and MSBML and lack the education and training of CNMs. Defendants deny that "Certified Professional Midwives" are allowed to provide services in Mississippi that are even remotely comparable to the services that licensed CNMs are allowed to provide and deny the remaining allegations of Paragraph 114 of the Complaint.

115.    The allegations of Paragraph 115 of the Complaint are denied.

116.    Defendants admit only that the MSBN regulations governing the discipline of CNMs speak for themselves. The remaining allegations of Paragraph 116 of the Complaint are denied.

117.    The allegations of Paragraph 117 of the Complaint are denied.

118.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 118 of the Complaint, and therefore deny the same.

119.    Defendants deny the allegations of Paragraph 119 of the Complaint.

120.    Defendants admit only that the MSBML's regulations governing collaboration between physicians and CNMs speak for themselves and that the MSBML does not regulate CNMs' compliance with MSBN regulations. Defendants deny the remaining allegations of Paragraph 120.

121.    Defendants deny the allegations of Paragraph 121 of the Complaint.

122.    Defendants admit only that the MSBML regulations quoted in Paragraph 122 of the Complaint speak for themselves. To the extent the allegations of Paragraph 122 are inconsistent with the same, they are denied.

123.    The allegations of Paragraph 123 of the Complaint state legal conclusions, not facts. To the extent a response is required, Defendants deny the allegations of Paragraph 123 of the Complaint.

124.    Defendants admit only that the MSBML regulation quoted in Paragraph 124 of the Complaint speaks for itself. To the extent the allegations of Paragraph 124 are inconsistent with the same, they are denied.

125.    Defendants admit only that the MSBML regulations governing collaboration between physicians and CNMs speak for themselves. To the extent the allegations of Paragraph 125 of the Complaint are inconsistent with the same, they are denied.

126.    Defendants admit only that the MSBML regulations governing discipline of physicians speak for themselves. To the extent the allegations of Paragraph 126 of the Complaint are inconsistent with the same, they are denied.

127.    Defendants admit only that the MSBML regulations referenced in Paragraph 127 of the Complaint speak for themselves. To the extent the allegations of Paragraph 127, including subparagraphs "a." through "g.," of the Complaint are inconsistent with the same, they are denied.

128.    The allegations of Paragraph 128 of the Complaint are denied.

129.    The allegations of Paragraph 129 of the Complaint are denied.

130.    The allegations of Paragraph 130 of the Complaint require no response from Defendants. To the extent a response is required, Defendants deny the allegations of Paragraph 130.

131.    The allegations of Paragraph 131 of the Complaint are denied.

132.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 132 of the Complaint, and therefore deny the same.

133.    The allegations of Paragraph 133 of the Complaint are denied.

134.    The allegations of Paragraph 134 of the Complaint are denied.

135.    Defendants admit only that CNMs and physicians are trained, licensed, and authorized to provide "Low-Risk Clinical Maternity Care" as that term is defined in Paragraph 135 of the Complaint. Defendants deny the remaining allegations of Paragraph 135 of the Complaint.

136.    Defendants admit the allegations of the first sentence of Paragraph 136 of the Complaint. All remaining allegations of Paragraph 136 of the Complaint are denied.

137.    The allegations of Paragraph 137 of the Complaint are denied.

138.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 138 of the Complaint, and therefore deny the same.

139.    Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the findings in the report quoted in Paragraph 139 of the Complaint, and therefore deny the same.

140.    The allegations of Paragraph 140 of the Complaint are denied.

141.    The allegations of Paragraph 141 of the Complaint are denied.

142.    The allegations of Paragraph 142 of the Complaint are denied.

143.    The allegations of Paragraph 143 of the Complaint are denied.

144.    The allegations of Paragraph 144 of the Complaint are denied.

145.    The allegations of Paragraph 145 of the Complaint are denied.

146.    The allegations of Paragraph 146 of the Complaint are denied.

147.    The allegations of Paragraph 147 of the Complaint are denied.

148.    The allegations of Paragraph 148 of the Complaint are denied.

149.    The allegations of Paragraph 149 of the Complaint are denied.

150.    Denied as stated. Defendants admit only that the MSBML has adopted and amended regulations governing the collaboration between physicians and CNMs and that the MSBML is responsible for the enforcement of those regulations.

151.    Defendants admit only that the Members of the MSBML are actively practicing physicians. All remaining allegations of Paragraph 151 of the Complaint are denied.

152.    The allegations of Paragraph 152 of the Complaint are denied.

153.    Defendants admit only that the MSBML does not regulate CNMs. All remaining allegations of Paragraph 153 of the Complaint are denied.

154.    The allegations of Paragraph 154 of the Complaint state legal conclusions, not facts. To the extent a response is required, Defendants deny the allegations of Paragraph 154.

155.    The allegations of Paragraph 155 of the Complaint state legal conclusions, not facts. To the extent a response is required, Defendants deny the allegations of Paragraph 155.

## CAUSES OF ACTION

### Count One

156.    Defendants adopt and incorporate by reference as if fully set forth herein all defenses, denials, and facts set forth in this Pleading.

157.    The allegations of Paragraph 157 of the Complaint state legal conclusions, not facts. To the extent a response is required, Defendants admit only that the Due Process Clause of the Fourteenth Amendment speaks for itself.

158.    The allegations of Paragraph 158 of the Complaint are denied.

159.    The allegations of Paragraph 159 of the Complaint are denied.

### Count Two

160.    Defendants adopt and incorporate by reference as if fully set forth herein all defenses, denials, and facts set forth in this Pleading.

161.    The allegations of Paragraph 161 of the Complaint state legal conclusions, not facts. To the extent a response is required, Defendants admit only that the Equal Protection Clause of the Fourteenth Amendment speaks for itself.

162.    The allegations of Paragraph 162 of the Complaint are denied.

163.    The allegations of Paragraph 163 of the Complaint are denied.

164.    The allegations of Paragraph 164 of the Complaint are denied.

**Count Three**

165.    Defendants adopt and incorporate by reference as if fully set forth herein all defenses, denials, and facts set forth in this Pleading.

166.    The allegations of Paragraph 166 of the Complaint are denied.

167.    The allegations of Paragraph 167 of the Complaint are denied.

168.    The allegations of Paragraph 168 of the Complaint are denied.

169.    The allegations of Paragraph 169 of the Complaint are denied.

170.    The allegations of Paragraph 170 of the Complaint are denied.

**Count Four**

171.    Defendants adopt and incorporate by reference as if fully set forth herein all defenses, denials, and facts set forth in this Pleading.

172.    The allegations of Paragraph 172 of the Complaint are denied.

173.    The allegations of Paragraph 173 of the Complaint are denied.

174.    The allegations of Paragraph 174 of the Complaint are denied.

175.    The allegations of Paragraph 175 of the Complaint are denied.

176.    The allegations of Paragraph 176 of the Complaint are denied.

**Count Five**

177.    Defendants adopt and incorporate by reference as if fully set forth herein all defenses, denials, and facts set forth in this Pleading.

178.    The allegations of Paragraph 178 of the Complaint are denied.

179.    The allegations of Paragraph 179 of the Complaint are denied.

180.    The allegations of Paragraph 180 of the Complaint are denied.

181.    The allegations of Paragraph 181 of the Complaint are denied.

182.    The allegations of Paragraph 182 of the Complaint are denied.

183.    The allegations of Paragraph 183 of the Complaint are denied.

**Count Six**

184.    Defendants adopt and incorporate by reference as if fully set forth herein all defenses, denials, and facts set forth in this Pleading.

185.    The allegations of Paragraph 185 of the Complaint state legal conclusions, not facts. To the extent a response is required, Defendants deny the allegations as stated.

186.    The allegations of Paragraph 186 of the Complaint are denied.

187.    The allegations of Paragraph 187 of the Complaint are denied.

188.    The allegations of Paragraph 188 of the Complaint are denied.

189.    The allegations of Paragraph 189 of the Complaint are denied.

190.    The allegations of Paragraph 190 of the Complaint are denied.

**Count Seven**

191.    Defendants adopt and incorporate by reference as if fully set forth herein all defenses, denials, and facts set forth in this Pleading.

192.    The allegations of Paragraph 192 of the Complaint are denied.

193.    The allegations of Paragraph 193 of the Complaint are denied.

194.    The allegations of Paragraph 194 of the Complaint are denied.

195.    The allegations of Paragraph 195 of the Complaint are denied.

196.    The allegations of Paragraph 196 of the Complaint are denied.

**Count Eight**

197.    Defendants adopt and incorporate by reference as if fully set forth herein all defenses, denials, and facts set forth in this Pleading.

198.    The allegations of Paragraph 198 of the Complaint are denied.

199.    The allegations of Paragraph 199 of the Complaint are denied.

200.    The allegations of Paragraph 200 of the Complaint are denied.

201.    The allegations of Paragraph 201 of the Complaint are denied.

202.    The allegations of Paragraph 202 of the Complaint are denied.

203.    The allegations of Paragraph 203 of the Complaint are denied.

## PRAYER FOR RELIEF

204.    Defendants deny the allegations contained in the Complaint's "Prayer for Relief," including sub-paragraphs "A." through "H." thereto, and further deny that the Plaintiff is entitled to the relief claimed or any relief whatsoever.

FOR THESE REASONS, the Plaintiff's claims should be dismissed, and Defendants should be awarded any additional relief the Court deems appropriate.

THIS the 16th day of March, 2026.

Respectfully submitted,

By:    LYNN FITCH, ATTORNEY GENERAL
       STATE OF MISSISSIPPI

By:    s/ Wilson D. Minor
       WILSON D. MINOR (MSB #102663)
       LISA A. REPPETO (MSB #99978)
       Special Assistant Attorneys General
       *Counsel for Defendants*

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-6279

Fax: (601) 359-2003
lisa.reppeto@ago.ms.gov
wilson.minor@ago.ms.gov