# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| AMERICAN COLLEGE OF NURSE-MIDWIVES,<br><br>Plaintiff,<br><br>v.<br><br>MISSISSIPPI STATE BOARD OF MEDICAL LICENSURE, *et al.,*<br><br>Defendants. | Case No. 3:26-CV-00040-KHJ-RPM<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO MSBN DEFENDANTS** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff American College of Nurse-Midwives ("Plaintiff"), by its undersigned counsel, requests that Defendants Mississippi Board of Nursing ("MSBN"); Phyllis Polk Johnson, in her official capacity as the Executive Director of the MSBN ("Executive Director"); and Sandra Culpepper, Jeremy L. Cummins, Lacey T. Gentry, Janie Clanton, T.J. Adams, Alveno N. Castilla, Carly Walker, Renia R. Dotson, Janel Moody, Beverly E. Oliver, Andrew Calhoun, Lawanda Baskin, and Daniel Matthew Sistrunk, in their official capacities as members of the MSBN ("Board Members") (collectively and individually, "MSBN Defendants") serve upon the undersigned attorneys answers under oath to each of the following interrogatories within thirty (30) days of service of these interrogatories.

**<u>DEFINITIONS</u>**

As used herein and in all further Interrogatories, unless specified otherwise, the following terms are to be given their ascribed definitions:

1. "You," or "Your" means the MSBN, the Executive Director, and the Board Members, individually or collectively.

2. "Action" means American College of Nurse-Midwives v. Mississippi State Board of Medical Licensure, et al., Civil Action No. 3:26-cv-00040-KHJ-RPM, pending in the United States District Court for the Southern District of Mississippi.

3. "Communication" means the transmission of information or data in any form including, without limitation, written, oral, or electronic transmissions.

4. "Document" or "Documents" has the same meaning as in Federal Rule of Civil Procedure 34 and includes all writings and electronically stored information in any medium. Without limiting the foregoing, Documents include emails, text messages, messaging applications (including, for example, WhatsApp, Signal, Slack, and Microsoft Teams), calendar entries, handwritten notes, minutes, audio or video recordings (including recordings of meetings or calls), whether stored on servers, personal devices, or third-party platforms.

5. "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

6. "Certified Nurse-Midwife" or "CNM" means any individual licensed or otherwise authorized to practice as a certified nurse-midwife in Mississippi.

7. "APRN" means an advanced practice registered nurse, as that term is used under Mississippi law.

8. "Physician Collaboration Rules" means the regulations of the Mississippi State Board of Medical Licensure governing physician collaboration with CNMs or other APRNs, including Mississippi Administrative Code r. 30-2630-1 and the specific rules challenged in the Complaint, together with any predecessor, successor, proposed, draft, or related provisions, and includes

each individual proposal, rule, amendment, subsection, or requirement therein. For the avoidance of doubt, the Physician Collaboration Rules do not include Rule 1.10 on "Federal Facilities."

9. "Collaboration Statute" means Mississippi Code §§ 73-15-5(4) and 73-15-20, including any predecessor, successor, amendment, or related statutory provision, and includes each individual subsection, clause, or requirement therein.

10. "Nursing Board Collaboration Rules" means the regulations of the Mississippi Board of Nursing implementing or enforcing the Collaboration Statute, including Mississippi Administrative Code r. 30-2840-1:1.2(A)(8), 1.2(B)(4) and (7), 1.2(C)(5), 1.2(D), and 1.4(C), together with any predecessor, successor, proposed, draft, or related provisions, and includes each individual rule, subsection, or requirement therein.

11. "Maternal and Perinatal Care" means healthcare services provided in connection with pregnancy, childbirth, and the postpartum period, including prenatal care, labor and delivery services, postpartum care, and care affecting maternal or infant outcomes.

12. The word "and" and the word "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.

13. "Concerning" means consisting of, referring to, reflecting, relating to, or being in any way logically or factually connected with the matter discussed.

14. The terms "including" and "includes" mean "including but not limited to."

15. The terms "all," "any," or "each" encompass any and all of the matter discussed.

16. The use of singular form includes plural, and vice versa.

17. The use of present tense includes past tense, and vice versa.

18. "Identify" means:

a. with respect to a Person, to give, to the extent known, the Person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment; and

b. with respect to a Document, to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv)

author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the Documents, together with identifying information sufficient to satisfy Rule 33 of the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1. Each MSBN Defendant shall serve responses to these Interrogatories separately. To the extent Defendants provide a joint response to any interrogatory, the response shall clearly identify each Defendant on whose behalf the response is made, and each such Defendant shall verify the response as required by Federal Rule of Civil Procedure 33(b). Each interrogatory shall be answered fully based on information within that Defendant's possession, custody, or control, including information held by its representatives, agents, or attorneys.

2. If any information is withheld on the basis of privilege, Defendants shall comply with Federal Rule of Civil Procedure 26(b)(5).

3. The relevant time period for Interrogatories 1-3, 9, 12-16, 19-20, 23-24, and 26-27 is January 1, 2016, through the present; and there is no time restriction on the remaining Interrogatories.

4. Defendants shall supplement their responses as required by Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State all justifications, purposes, objectives, or benefits that MSBN Defendants contend support the Collaboration Statute or the Nursing Board Collaboration Rules for purposes of Plaintiff's constitutional claims challenging their application to CNMs. For each, (a) state each specific provision of the Collaboration Statute or the Nursing Board Collaboration Rules that MSBN Defendants contend advances it, and (b) describe how MSBN Defendants contend that provision advances that justification and the specific facts, data, or evidence supporting that contention.

**INTERROGATORY NO. 2:**

Name and cite each Mississippi statute, regulation, or other law or policy that MSBN Defendants contend has ever required CNMs or other APRNs to obtain collaboration, supervision, or other oversight by a physician as a condition of practicing in Mississippi, and for each state its legal source, effective date, category of midwife or nurse covered, substance of the requirement.

**INTERROGATORY NO. 3:**

Identify all Documents referred to or examined in the preparation of the answers to these interrogatories and indicate to which interrogatory the Document pertains.

**INTERROGATORY NO. 4:**

Identify all Persons whom You believe have knowledge of any facts relevant to the claims or defenses in this action, including but not limited to Persons you may call as witnesses at trial. For each such Person, state: the person's full name, last known address, and telephone number; the subject matter of the knowledge possessed by the person; a summary of the facts to which the person is expected to testify; whether you have obtained any written or recorded statement from the person, and if so, the date and custodian of such statement.

**INTERROGATORY NO. 5:**

Identify all Persons who participated in drafting, adopting, amending, interpreting, enforcing, and supervising the Nursing Board Collaboration Rules. For each category, identify the Persons separately and state their titles, roles, and periods of involvement.

**INTERROGATORY NO. 6:**

For each Nursing Board Collaboration Rule, and for each amendment thereto, describe in detail the process by which the rule or amendment was proposed, considered, and adopted, including the dates of each stage of the process; the meetings, hearings, or consultations at which the rule or amendment was discussed; the participants in each such meeting, hearing, or consultation; and any votes or decisions taken, including the identity of the decisionmakers.

**INTERROGATORY NO. 7:**

Describe in detail all criteria, standards, factors, policies, procedures, or practice considered or used by MSBN Defendants in reviewing, approving, denying, or otherwise acting upon protocols or practice guidelines submitted, filed, or required under the Collaboration Statute or the Nursing Board Collaboration Rules for CNMs, including changes in status. For each such criterion, standard, factor, policy, procedure, or practice, state whether it is written or unwritten and binding or discretionary.

**INTERROGATORY NO. 8:**

Describe in detail all criteria, standards, factors, policies, procedures, or practices considered or used by MSBN Defendants in reviewing, approving, or otherwise acting upon quality assurance or quality improvement programs required under the Collaboration Statute or the Nursing Board Collaboration Rules for CNMs. For each such criterion, standard, factor, policy, procedure, or practice, state whether it is written or unwritten and binding or discretionary.

**INTERROGATORY NO. 9:**

Name and cite each provision of the Nursing Board Collaboration Rules that You contend is required by the Collaboration Statute, and for each such provision identify the specific language in the Collaboration Statute you contend requires it.

**INTERROGATORY NO. 10:**

State all alternative or less restrictive means considered by MSBN concerning the regulatory implementation of the Collaboration Statute applicable to CNMs and other APRNs, and for each such approach, describe when it was considered and why it was rejected or not adopted.

**INTERROGATORY NO. 11:**

Describe in detail how the MSBN regulated and enforced compliance with the Collaboration Statute before the MSBML's adoption of a requirement that APRNs have a written collaboration agreement with a physician.

**INTERROGATORY NO. 12:**

Identify all complaints, concerns, or reports (whether written or oral) received by MSBN regarding the availability or cost of the physician collaboration required by the Nursing Board Collaboration Rules or the Collaboration Statute, and for each, identify its date, source, and substance.

**INTERROGATORY NO. 13:**

Identify all instances in which any Board Member, the Executive Director, or any current or former personnel acting on behalf of the MSBN communicated (whether in writing or orally) to any physician, CNM, or other APRN that a proposed or existing collaboration arrangement would not be permitted, would be disfavored, or would be unlikely to be approved or would be burdensome or impractical to pursue.

**INTERROGATORY NO. 14:**

Identify all requests (whether written or oral) for, or other instances in which any MSBN Defendants or any other Mississippi state entities took actions related to, waivers, exceptions, or modifications to the requirements of the Nursing Board Collaboration Rules that fall outside the ordinary approval of collaboration arrangements, and for each, identify the date, the requesting party, the nature of the request, and the outcome, including whether the request was granted or denied in whole or in part.

**INTERROGATORY NO. 15:**

Identify all complaints, investigations, or disciplinary actions concerning the Nursing Board Collaboration Rules or the Collaboration Statute, including the date, the nature of the complaint, and the outcome.

**INTERROGATORY NO. 16:**

Identify all communications, meetings, or contacts between any Board Member, the Executive Director, or any current or former personnel acting on behalf of the MSBN and any third party concerning whether, or under what conditions, CNMs or other APRNs may practice independently or through an APRN-owned healthcare practice in Mississippi. For each

communication, identify the date, participants, general subject matter, and all Documents reflecting or relating to the communication.

**INTERROGATORY NO. 17:**

Identify all studies, reports, data, or analyses considered, reviewed, or relied upon by MSBN Defendants in adopting, amending, or maintaining the Nursing Board Collaboration Rules (a) generally and (b) as applied specifically to CNMs, and for each, identify the title, author, date, and how it was used or considered.

**INTERROGATORY NO. 18:**

Identify all studies, data, analyses, or other assessments conducted, reviewed, or relied upon by MSBN Defendants to evaluate the impact of the Collaboration Statute or the Nursing Board Collaboration Rules on access to Maternal and Perinatal Care in Mississippi. If none, state that no such studies, data, analyses, or assessments were conducted, reviewed, or relied upon.

**INTERROGATORY NO. 19:**

Identify all communications, meetings, or contacts between any Board Member, the Executive Director, or any current or former personnel acting on behalf of the MSBN and any third party concerning the adoption, amendment, or repeal of the Collaboration Statute or the Nursing Board Collaboration Rules, including any proposal to modify or repeal those Rules or that Statute, and for each such communication, meeting, or contact provide the date, participants, and general subject matter.

**INTERROGATORY NO. 20:**

Describe all reasons for any differences in how the Collaboration Statute or the Nursing Board Collaboration Rules apply or should apply to different categories of APRNs, including any exceptions or differential treatment based on specialty, practice type, practice setting, practice site, geographic location, or scope of practice. For each such difference, identify the specific facts, data, or evidence supporting that reason.

**INTERROGATORY NO. 21:**

Describe all reasons for any differences in the regulation (or lack thereof) of different categories of midwives (CNMs, certified professional midwives, and direct-entry or lay midwives) in Mississippi, including any exceptions or differential treatment based on specialty, practice type, practice setting, practice site, geographic location, or scope of practice. For each such difference, identify the specific facts, data, or evidence supporting that reason.

**INTERROGATORY NO. 22:**

Identify all Mississippi statutes, regulations, rules, policies, or other legal requirements that MSBN Defendants contend regulate, restrict, or otherwise govern certified professional midwives, direct-entry midwives, lay midwives, or other non-nurse midwives in Mississippi. For each such legal requirement, identify: (a) the category of midwife or person to whom it applies; (b) the conduct or services it regulates; (c) the state official or entity responsible for enforcement; and (d) the facts supporting MSBN Defendants' contention that the requirement applies to that category of non-nurse midwives.

**INTERROGATORY NO. 23:**

State separately for each individual MSBN Defendant whether that Defendant contends that the Collaboration Statute and the Nursing Board Collaboration Rules are insufficient, without the Physician Collaboration Rules, to protect the safety of CNMs' patients or ensure the quality of CNM care in Mississippi. If so, identify all facts, documents, communications, analyses, or other information supporting that contention.

**INTERROGATORY NO. 24:**

Identify all communications, meetings, or contacts between any Board Member, the Executive Director, or any current or former personnel acting on behalf of the MSBN and any MSBML Defendant or any current or former personnel acting on behalf of the MSBML concerning the Physician Collaboration Rules, the Collaboration Statute, the Nursing Board Collaboration Rules, or physician collaboration with CNMs or other APRNs. For each such communication, meeting, or contact, provide the date, participants, and general subject matter.

**INTERROGATORY NO. 25:**

Identify each position expressed or adopted by any MSBN Board Member, Executive Director, or MSBN personnel concerning the Physician Collaboration Rules, including their purpose, effects, and consistency with the Collaboration Statute or Nursing Board Collaboration Rules. For each, identify the date, the person who expressed or adopted the view, the substance of the view, any person to whom it was communicated, any action taken in response, and all documents or communications concerning it.

**INTERROGATORY NO. 26:**

Describe in detail what MSBN Defendants interpret the Collaboration Statute or Nursing Board Collaboration Rules to require, at a minimum, for a CNM to satisfy the requirement that she practice within a collaborative/ consultative relationship with a licensed physician, including whether MSBN Defendants contend that any chart review, patient-specific consultation, approval of patient-care decisions, supervision, oversight, or review of patient care by the collaborating physician is required. For each such requirement, cite the statutory or regulatory provision requiring it.

**INTERROGATORY NO. 27:**

State whether MSBN Defendants contend that the Collaboration Statute or Nursing Board Collaboration Rules require a CNM to seek physician involvement in a given patient's care under any circumstance where the CNM would not otherwise do so based on their training, certification, licensing, or ethical obligations.

* * *

May 29, 2026

/s/ Robert B. McDuff
MISSISSIPPI CENTER FOR JUSTICE
Robert B. McDuff, MS Bar# 2532
Paloma Wu
210 E. Capitol Street
Suite 1800
Jackson, MS 39201
TEL: (601) 259-8484
FAX: (601) 352-4769
rmcduff@mscenterforjustice.org

PILLSBURY WINTHROP SHAW PITTMAN LLP
Michael L. Sibarium*
Drew A. Navikas*
1200 Seventeenth Street
Washington, DC 20036
TEL: (202) 663-8000
FAX: (202) 663-8007
michael.sibarium@pillsburylaw.com
drew.navikas@pillsburylaw.com

AMABEBE LAW PLLC
Eremipagamo M. Amabebe*
447 Broadway, Suite 2 #1169
New York, New York 10013
TEL: (212) 444-3960
eamabebe@amabebelaw.com

*Attorneys for Plaintiff American College of Nurse-Midwives*

* Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES TO MSBN DEFENDANTS in the above-captioned action on May 29, 2026, by email and First-Class Mail to:

Wilson D. Minor
Special Assistant Attorney General
Mississippi Attorney General's Office

Civil Litigation Division
550 High Street, Suite 1100
Post Office Box 220
Jackson, Mississippi 39205-0220
Wilson.Minor@ago.ms.gov

May 29, 2026

s/ Drew Navikas
Drew Navikas