# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| AMERICAN COLLEGE OF NURSE-MIDWIVES,<br>Plaintiff,<br>v.<br>MISSISSIPPI STATE BOARD OF MEDICAL LICENSURE, *et al.*,<br>Defendants. | Case No. 3:26-CV-00040-KHJ-RPM<br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO MSBN DEFENDANTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff American College of Nurse-Midwives ("Plaintiff"), by its undersigned counsel, requests that Defendants Mississippi Board of Nursing ("MSBN"); Phyllis Polk Johnson, in her official capacity as the Executive Director of the MSBN ("Executive Director"); and Sandra Culpepper, Jeremy L. Cummins, Lacey T. Gentry, Janie Clanton, T.J. Adams, Alveno N. Castilla, Carly Walker, Renia R. Dotson, Janel Moody, Beverly E. Oliver, Andrew Calhoun, Lawanda Baskin, and Daniel Matthew Sistrunk, in their official capacities as members of the MSBN ("Board Members") (collectively and individually, "MSBN Defendants") produce for inspection and copying the documents requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within thirty (30) days of service.

**<u>DEFINITIONS</u>**

As used herein and in all further Requests for Production, unless specified otherwise, the following terms are to be given their ascribed definitions:

1. "You," or "Your" means the MSBN, the Executive Director, and the Board Members, individually or collectively.

2. "Action" means American College of Nurse-Midwives v. Mississippi State Board of Medical Licensure, et al., Civil Action No. 3:26-cv-00040-KHJ-RPM, pending in the United States District Court for the Southern District of Mississippi.

3. "Communication" means the transmission of information or data in any form including, without limitation, written, oral, or electronic transmissions.

4. "Document" or "Documents" has the same meaning as in Federal Rule of Civil Procedure 34 and includes all writings and electronically stored information in any medium. Without limiting the foregoing, Documents include emails, text messages, messaging applications (including, for example, WhatsApp, Signal, Slack, and Microsoft Teams), calendar entries, handwritten notes, minutes, audio or video recordings (including recordings of meetings or calls), whether stored on servers, personal devices, or third-party platforms.

5. "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

6. "Certified Nurse-Midwife" or "CNM" means any individual licensed or otherwise authorized to practice as a certified nurse-midwife in Mississippi.

7. "APRN" means an advanced practice registered nurse, as that term is used under Mississippi law.

8. "Physician Collaboration Rules" means the regulations of the Mississippi State Board of Medical Licensure governing physician collaboration with CNMs or other APRNs, including Mississippi Administrative Code r. 30-2630-1 and the specific rules challenged in the Complaint, together with any predecessor, successor, proposed, draft, or related provisions, and includes

each individual proposal, rule, amendment, subsection, or requirement therein. For the avoidance of doubt, the Physician Collaboration Rules do not include Rule 1.10 on "Federal Facilities."

9. "Collaboration Statute" means Mississippi Code §§ 73-15-5(4) and 73-15-20, including any predecessor, successor, amendment, or related statutory provision, and includes each individual subsection, clause, or requirement therein.

10. "Nursing Board Collaboration Rules" means the regulations of the Mississippi Board of Nursing implementing or enforcing the Collaboration Statute, including Mississippi Administrative Code r. 30-2840-1:1.2(A)(8), 1.2(B)(4) and (7), 1.2(C)(5), 1.2(D), and 1.4(C), together with any predecessor, successor, proposed, draft, or related provisions, and includes each individual rule, subsection, or requirement therein.

11. "Maternal and Perinatal Care" means healthcare services provided in connection with pregnancy, childbirth, and the postpartum period, including prenatal care, labor and delivery services, postpartum care, and care affecting maternal or infant outcomes.

12. The word "and" and the word "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.

13. "Concerning" means consisting of, referring to, reflecting, relating to, or being in any way logically or factually connected with the matter discussed.

14. The terms "including" and "includes" mean "including but not limited to."

15. The terms "all," "any," or "each" encompass any and all of the matter discussed.

16. The use of singular form includes plural, and vice versa.

17. The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

1. Each MSBN Defendant shall respond to these Requests separately. To the extent Defendants make a joint production, the production shall clearly identify the Defendant(s) on whose behalf Documents are produced. Each MSBN Defendant shall produce all responsive Documents within their own possession, custody, or control, including Documents maintained in personal accounts, devices, or files used for MSBN's business.

2. Produce all responsive Documents within Your possession, custody, or control. A Document is within Your control if You have the legal right or practical ability to obtain it from another person or entity. This includes Documents held by counsel, employees, agents, or other persons acting on Your behalf.

3. If You contend that responsive Documents exist but are not within Your possession, custody, or control, identify the Documents and the person or entity believed to have possession or control of them, to the extent known.

4. Produce all non-identical versions of responsive Documents, including drafts and copies that differ from the original by reason of any annotations, comments, or other markings.

5. Produce all Documents as they are kept in the usual course of business, including any labels, file paths, and other identifying information sufficient to show the original organization, or organized and labeled to correspond to the categories requested herein. If there are no Documents in response to a particular request, or if You withhold any responsive Documents or categories of Documents based on any objections, You shall state so in writing.

6. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

7. If responsive Documents are no longer available, identify the Documents or categories of Documents and, to the extent known, the circumstances of their unavailability.

8. If You contend that any responsive electronically stored information is not reasonably accessible because of undue burden or cost, You shall identify the source of such information and the basis for that contention, consistent with Federal Rule of Civil Procedure 26(b)(2)(B).

9. If You object to any Request, state the grounds with specificity and indicate whether any responsive Documents are being withheld on the basis of the objection. Responsive Documents not subject to an objection must be produced.

10. Documents should be produced on a rolling basis as soon as they have been located and processed for production.

11. Pursuant to Federal Rule of Civil Procedure 26(e), these Requests are continuing in nature, and Defendants shall supplement their responses as required by that Rule.

12. The relevant time period for Requests 3, 5-12, 14, and 16-19 is January 1, 2016, through the present; and there is no time restriction on the remaining Requests.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents concerning the drafting, consideration, adoption, or amendment of the Nursing Board Collaboration Rules, including draft rules, memoranda, presentations, briefing materials provided to Board Members, meeting agendas, minutes, recordings, comments, records of votes or decisions, materials submitted to or received by the MSBN, and communications among or between Board Members, the Executive Director, and any current or former employees, agents, or representatives of the MSBN concerning such matters.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents concerning the interpretation, application, or understanding of the Nursing Board Collaboration Rules, the Collaboration Statute, or the Physician Collaboration Rules, including any guidance, policies, criteria, instructions, and any communications among or between Board Members, the Executive Director, and any current or former personnel acting on behalf of the MSBN concerning such matters.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning the investigation, monitoring, or enforcement of the Nursing Board Collaboration Rules or the Collaboration Statute, including audits, compliance inquiries, investigations, disciplinary matters (actual or threatened), charging decisions, recommendations, and decisions concerning whether any CNM complied with or violated those Rules or that

Statute, and any communications among or between Board Members, the Executive Director, and any current or former personnel acting on behalf of the MSBN concerning such matters.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning communications between any Board Member, the Executive Director, or any current or former personnel acting on behalf of the MSBN and any third party (including, for example, the MSBML or any of its members or personnel, nursing or physician organizations, trade associations, other state agencies, government officials, nurses, or physicians) concerning the Physician Collaboration Rules, the Collaboration Statute, the Nursing Board Collaboration Rules, or physician collaboration with CNMs or other APRNs.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents reflecting any assessments, analyses, or positions expressed or adopted by any MSBN Board Member, the Executive Director, or any current or former personnel acting on behalf of the MSBN concerning the Physician Collaboration Rules, including their adoption, amendment, implementation, enforcement, or effect on CNMs or other APRNs.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning any proposed, potential, contemplated, or considered amendment, repeal, suspension, waiver, or other modification of the Collaboration Statute, including any communications with members of the Mississippi Legislature or their staff.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning service by the MSBML, or its designee, as a "collaborative physician" for a CNM pursuant to Nursing Board Collaboration Rule 1.2(D) (Title 30, Part 2840, Chapter 1, "Changes in status"), including requests or applications for collaboration or extensions of collaboration; approvals or denials of such collaboration; any criteria, standards, guidelines, or policies applied or considered in evaluating such collaboration; the circumstances of the CNM losing collaboration or requiring MSBML or its designee to provide collaboration; documents or records generated, maintained, or reviewed during the collaborative relationship; the termination of the relationship; the CNM's collaboration status before and after MSBML's

involvement; communications, internal or external, concerning such collaboration; documents reflecting the consideration, evaluation, or decision-making process relating to such collaboration; and communications or coordination with the MSBML concerning such collaboration or the circumstances giving rise to it.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning the costs incurred by CNMs or other APRNs in complying or attempting to comply with the Nursing Board Collaboration Rules or the Collaboration Statute, including the time and effort invested, prices paid, or other burdens undertaken to obtain collaboration, including any analyses, studies, reports, benchmarks, guidance, data, or other materials concerning the terms or availability of collaborative relationships; any communications among Board Members, the Executive Director, or any current or former personnel acting on behalf of the MSBN; and any communications with any third party (including, for example, physician organizations, trade associations, other state agencies, and government officials) concerning such costs or burdens.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any “protocol,” “practice guidelines,” or “formal collaborative agreement” submitted to the MSBN by or on behalf of a CNM for approval or otherwise considered by the MSBN, including all submissions, supporting materials, correspondence, decision-making criteria, standards, guidance, and any documents reflecting the disposition of such requests.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning any “formal quality assurance/ quality improvement (QA/QI) program” involving a CNM and inspected, reviewed, or otherwise considered by the MSBN, including all submissions, supporting materials, correspondence, decision-making criteria, standards, guidance, and any documents reflecting the disposition of such requests.

**<u>REQUEST FOR PRODUCTION NO. 11:</u>**

All Documents concerning requests submitted to the MSBN relating to changes in CNMs' "collaborative relationship" status under the Collaboration Statute or the Nursing Board Collaboration Rules, including all submissions, supporting materials, correspondence, and any documents reflecting the disposition of such requests.

**<u>REQUEST FOR PRODUCTION NO. 12:</u>**

All Documents identifying CNMs in connection with their collaborating physicians (including any primary or backup collaborators), including databases, lists, or other compilations.

**<u>REQUEST FOR PRODUCTION NO. 13:</u>**

All Documents concerning complaints, inquiries, or requests for assistance received by the MSBN from CNMs or other APRNs concerning obtaining or maintaining a collaborative agreement, complying with the Nursing Board Collaboration Rules, or the effects or consequences of the Physician Collaboration Rules.

**<u>REQUEST FOR PRODUCTION NO. 14:</u>**

All Documents concerning access to, utilization of, or outcomes associated with Maternal and Perinatal Care in Mississippi provided by CNMs, physicians, or other APRNs, including Documents concerning provider availability, geographic distribution of providers, travel distance to care, and maternal or infant health outcomes, including maternal mortality, infant mortality, preterm birth, low birthweight, or cesarean-section rates.

**<u>REQUEST FOR PRODUCTION NO. 15:</u>**

All Documents concerning any consideration, discussion, or communication by the MSBN (including any Board Member, the Executive Director, or any current or former personnel acting on its behalf) concerning differences in regulatory requirements applicable to

CNMs as compared to other midwives or individuals providing maternity-related services in Mississippi, including any communications with any third party concerning such differences.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning any competition, competitive relationship, or economic interaction between CNMs or other midwives and physicians, including any documents referring to market participation, substitution, or the impact of CNMs or other midwives on physician practices or the provision of Maternal and Perinatal Care.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning economic analyses, economic studies, or market studies concerning Maternal and Perinatal Care, including studies related to CNMs, other midwives, or physicians providing such care.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning any alternative or less restrictive regulatory approaches considered by the MSBN regarding collaboration requirements for CNMs under the Collaboration Statute or the Nursing Board Collaboration Rules, including any analyses, proposals, or evaluations of such alternatives, and the results of the evaluation of those considerations and why they were not chosen.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show the factual basis for any contention by MSBN Defendants that the Collaboration Statute or the Nursing Board Collaboration Rules does not increase the cost of, limit access to, or otherwise burden physician collaboration with CNMs or the provision of Maternal and Perinatal Care.

* * *

June 4, 2026

/s/ Robert B. McDuff
MISSISSIPPI CENTER FOR JUSTICE
Robert B. McDuff, MS Bar# 2532
Paloma Wu
210 E. Capitol Street
Suite 1800
Jackson, MS 39201
TEL: (601) 259-8484
FAX: (601) 352-4769
rmcduff@mscenterforjustice.org

PILLSBURY WINTHROP SHAW PITTMAN LLP
Michael L. Sibarium*
Drew A. Navikas*
1200 Seventeenth Street
Washington, DC 20036
TEL: (202) 663-8000
FAX: (202) 663-8007
michael.sibarium@pillsburylaw.com
drew.navikas@pillsburylaw.com

AMABEBE LAW PLLC
Eremipagamo M. Amabebe*
447 Broadway, Suite 2 #1169
New York, New York 10013
TEL: (212) 444-3960
eamabebe@amabebelaw.com
Attorneys for Plaintiff American College of Nurse-Midwives

* Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO MSBN DEFENDANTS in the above-captioned action on June 4, 2026, by email and First-Class Mail to:

Wilson D. Minor
Special Assistant Attorney General
Mississippi Attorney General's Office

Civil Litigation Division
550 High Street, Suite 1100
Post Office Box 220
Jackson, Mississippi 39205-0220
Wilson.Minor@ago.ms.gov

June 4, 2026

s/ Drew Navikas
Drew Navikas