**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

AMERICAN COLLEGE OF NURSE-MIDWIVES,

Plaintiff,

v. Case No. 3:26-CV-00040-KHJ-RPM

MISSISSIPPI STATE BOARD OF MEDICAL LICENSURE, *et al.*,

Defendants.

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff American College of Nurse-Midwives ("ACNM") submits this memorandum in support of its Motion under Rules 26, 33, 34, and 37 to compel Defendant members and Executive Director of the Mississippi Board of Nursing ("MSBN"), Phyllis Polk Johnson, Sandra Culpepper, Jeremy L. Cummins, Lacey T. Gentry, Janie Clanton, T.J. Adams, Alveno N. Castilla, Carly Walker, Renia R. Dotson, Janel Moody, Beverly E. Oliver, Andrew Calhoun, Lawanda Baskin, and Daniel Matthew Sistrunk (collectively, "MSBN Defendants") to respond to ACNM's outstanding interrogatories and requests for the production of documents (RFPs). ACNM also seeks the reasonable expenses of this motion. A signed Official Form 4 Good Faith Certificate accompanies the motion. The served discovery requests are attached as Exs. A–B.

This Motion is addressed specifically to MSBN Defendants' failure to respond to ACNM's discovery demands, and does not seek immediate relief for other deficiencies in the responses of Defendants, including the responses of Defendant Mississippi State Board of

Medical Licensure ("MSBML") to ACNM's interrogatories and document requests. References to such deficiencies in this motion are included to provide context of ACNM's efforts to work with Defendants' counsel to facilitate discovery. ACNM reserves all rights related to these other deficiencies and will file additional motions as necessary.

## Introduction

More than four months have passed since ACNM served the MSBN Defendants with interrogatories and RFPs. Three months have passed since the July status conference during which this Court suggested that Defendants retain a discovery vendor. And nearly a month has passed since the September 9 status during which this Court advised that if Defendants do not make substantial progress in responding to Plaintiff's outstanding discovery requests, the Court would entertain an appropriate motion by Plaintiff.

Despite repeated assurances by defense counsel that discovery responses were forthcoming – even "imminent" as of a week ago -- the MSBN Defendants have served no interrogatory answers or written RFP responses. Throughout this time, ACNM has patiently worked with defense counsel, where possible, to facilitate Defendants' compliance with their discovery obligations (such as by providing defense counsel with search terms for documents). Nevertheless, it is now apparent that Defendants will not move forward in a timely manner without compulsion from this Court.

## Background

ACNM served 27 interrogatories on the MSBN Defendants on May 29, 2026, and 19 document requests on June 4, 2026. Exs. A–B. MSBN Defendants have not provided answers or written Rule 34 responses, nor have MSBN Defendants asserted any objections to the discovery

requests to date. MSBN Defendants requested no specific extensions, and responses to the two sets of demands were due on June 29, 2026, and July 6, 2026, respectively.

On July 7, 2026, Magistrate Judge Myers suspended the case management deadlines then in place and gave the parties approximately 60 days to progress on discovery in light of Defendants' failure to provide timely responses up to that point. Text-Only Order Granting in Part Joint Motion to Extend Expert Designation and Discovery Deadline (July 7, 2026). Given deficiencies in Defendant MSBML's initial document production referenced during the July 7 conference, Magistrate Judge Myers suggested that Defendants consider retaining a discovery vendor.

On July 11, in order to avoid further deficiencies in Defendants' document productions, ACNM asked Defendants whether they planned to retain a discovery vendor. On July 27, ACNM provided proposed search terms for Defendant MSBML and again sought progress on the outstanding discovery issues. Defendants advised on July 28 that they were working on those issues and would respond by the end of the week, but no response followed. On August 18, ACNM updated Judge Myers, copying defense counsel, noting that the MSBN's interrogatory answers and written document responses remained overdue and Defendants had given no date for when they expected to serve them.

At the September 9 conference, ACNM reported on its efforts to obtain discovery from the MSBN Defendants without success. Magistrate Judge Myers called for "meaningful movement" by September 21. The subsequent order set that date to resolve certain disputes, including overdue responses, and expressly authorized an appropriate motion afterward. Text-Only Order Setting Deadline for Certain Discovery (Sep. 9, 2026).

On Friday, September 18, 2026, counsel for Defendants advised ACNM's counsel via phone call that MSBN would send written responses on Monday, September 21, 2026, the deadline set by the Court for making substantial progress. The responses were not sent. In a subsequent call on Thursday, September 24, 2026, Defense counsel advised that MSBN would send responses the following day, September 25, but no responses to the interrogatories or to the document requests that ACNM propounded were served by the MSBN Defendants. On Monday, September 28, ACNM counsel again emailed Defendant's counsel to confirm whether it may expect to receive the overdue discovery responses on that day. On Tuesday, September 29, MSBN counsel responded that "The Nursing Board's responses are imminent."[1]

To date, the MSBN Defendants have not responded to ACNM's interrogatories nor requests for the production of documents. At no point have Defendants claimed that they are for some reason unable or not obligated to provide written responses. Nor have Defendants given any indication to ACNM that Defendants retained a discovery vendor or made any progress toward doing so.[2] Plaintiff may address deficiencies in Defendants' procedures for collecting documents, the scope of their collection, and their use of search terms in a separate motion. None of those issues, however, excuse the MSBN Defendants' failure to respond over the past four months to interrogatories or provide written responses to the plaintiff's document requests.

---

[1] The only material provided on Friday Sept 25th was a list of Mississippi licensed certified nurse midwives.
See emails from Franklin Garrison to Michael Sibarium (Sept. 18, 25, and 29, 2026) and Michael Sibarium to Franklin Garrison (Sept. 25, 2026).

[2] We understand that the Attorney General's office has obtained access to use Relativity as a review platform for documents in this case from a local private law firm. That has no bearing, of course, on whether an appropriate, forensic document collection of relevant documents was conducted. See email from Michael Sibarium to Franklin Garrison (Sept. 25, 2026, 10:54 a.m.).

**<u>The Nursing Board Should be Compelled to Respond to Outstanding Discovery</u>**

MSBN Defendants have utterly disregarded their discovery obligations and identified no basis for doing so. Rules 33(b)(1), (3)–(4) and 34(b)(2)(B)–(C) require answers based on reasonably available information and specific written responses that identify any objection-based withholding. Rules 37(a)(3)(B)(iii)–(iv) and 37(d)(1)(A)(ii) permit relief for incomplete answers, missing production, and a complete failure to serve any responses.

The MSBN Defendants have not served a written response to any interrogatory or request for production of documents served upon them by ACNM. Nor have they made any document production other than a list of Mississippi-licensed CNMs. The list did not include collaborating-physician information or the promised agreements and protocols. That is in spite of repeated inquiries by ACNM and the admonishment by this Court at the September 9, 2026, conference. MSBN Defendants have not explained their failure, and to the contrary have repeatedly claimed that responses would be provided in a matter of days or were "imminent." [3]

This Motion thus presents a straightforward example of a party in default of its obligations without justification. All the interrogatories and requests for production at issue clear the low bar of relevance, as reflected in the requests attached as Exs. A–B. Once that showing is made, the burden is on Defendants to explain why they are not obligated to comply, and to do so separately as to each demand. *See, e.g.*, *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006); *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (N.D. Tex. 2016).

Defendants have never attempted to carry their burden, and they cannot do so. That failure means any objections are waived. *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321

[3] Even if there were some obstacle to MSBN's production of documents – and none have been articulated to Plaintiff's counsel - that would be no reason for MSBN's failure to provide timely, formal, written responses to outstanding discovery requests.

F.R.D. 250, 283 (N.D. Tex. 2017); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 582 (N.D. Tex. 2018). Where a party utterly fails to respond to discovery demands, an order compelling response and production is warranted. *Skelton v. Liberty Mut. Fire Ins. Co.*, 749 F. Supp. 3d 683, 686 (M.D. La. 2024). The same is true even where, unlike here, Defendants have attempted to articulate objections but have not met the technical requirements. *In re Adkins Supply, Inc.*, 555 B.R. 579, 591 (Bankr. N.D. Tex. 2016). The interrogatories and demands at issue here are proper, and MSBN Defendants must comply with them. The Court should grant this Motion to Compel and set a seven-day deadline for complete written responses.

**Additional Relief**

In addition to compelling written discovery responses from the MSBN Defendants, the Court should also exercise its discretion to accelerate discovery in this case more broadly. As Magistrate Judge Myers observed at the July 7, 2026, conference, retention of a discovery vendor by Defendants would simplify many of the issues that have caused undue delay in this action. Counsel are responsible for selecting and managing competent service providers, including discovery technicians. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 943 (N.D. Ill. 2021). Courts therefore have discretion to order the hiring of third-party discovery vendors where appropriate. *RHN Inc. v. CNA Nat'l Warranty Corp.*, No. CV-19-02960-PHX-GMS, 2020 WL 1812040, at *2 (D. Ariz. Apr. 9, 2020). Accordingly, we request that the Court exercise its broad authority to issue an order directing Defendants to show cause within eleven days as to why they should not be ordered to retain an outside vendor to assist them in responding to Plaintiff's discovery requests. [4]

[4] On October 5, defense counsel reported that searches of the Medical Board server returned over 18,000 documents and attachments, still being surveyed and categorized. ACNM has concerns about whether the searches were run properly using the terms Plaintiff provided to defense

Unless Defendants follow standard ESI practices, use of produced materials will be hampered as it was when the Defendant Medical Board made its initial production. The parties have exchanged drafts but are far apart on what an appropriate ESI protocol should look like in this case. The parties have similar disagreements as to the scope of an appropriate protective order. If the parties have not submitted an agreed ESI protocol and protective order to the Court within fourteen days of its order, ACNM asks the Court to expressly allow Plaintiff, ACNM, to move the Court to enter Plaintiff's preferred versions of these documents as a discovery sanction without further compliance with Local Rule 37.

**Expenses**

ACNM requests its reasonable expenses of making the motion under Rules 37(a)(5) and 37(d)(3), with the amount established after an opportunity to be heard. If relief is granted, Rule 37(a)(5)(A) requires the Court to award reasonable expenses, including attorney's fees, pending an opportunity for the opposing party to be heard. Courts routinely award appropriate attorney's fees as a sanction for unexcused delay, and this Court should do so here. *See, e.g.*, *Shumpert v. City of Tupelo*, 905 F.3d 310, 325 (5th Cir. 2018), *as revised* (Sept. 25, 2018); *Skelton*, 749 F. Supp. 3d at 686. ACNM stands ready to demonstrate its reasonable expenses incurred in connection with this Motion.

* * *

counsel, and we will be corresponding with them further regarding this matter. See emails between Franklin Garrison and Michael Sibarium (Oct. 5, 2026).

October 7, 2026

/s/ Robert B. McDuff
MISSISSIPPI CENTER FOR JUSTICE
Robert B. McDuff, MS Bar# 2532
Paloma Wu
210 E. Capitol Street
Suite 1800
Jackson, MS 39201
TEL: (601) 259-8484
FAX: (601) 352-4769
rmcduff@mscenterforjustice.org

PILLSBURY WINTHROP SHAW
PITTMAN LLP
Michael L. Sibarium*
Drew A. Navikas*
1200 Seventeenth Street
Washington, DC 20036
TEL: (202) 663-8000
FAX: (202) 663-8007
michael.sibarium@pillsburylaw.com
drew.navikas@pillsburylaw.com

AMABEBE LAW PLLC
Eremipagamo M. Amabebe*
447 Broadway, Suite 2 #1169
New York, New York 10013
TEL: (212) 444-3960
eamabebe@amabebelaw.com
Attorneys for Plaintiff American College of
Nurse-Midwives

* Admitted pro hac vice

## CERTIFICATE OF SERVICE

I certify that on October 7, 2026, I electronically filed the foregoing document using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Drew Navikas
Drew Navikas

Attorney for Plaintiff American College of Nurse-Midwives