IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORHERN DIVISION

| | |
|---|---|
| AMERICAN COLLEGE OF NURSE-MIDWIVES | PLAINTIFF |
| VS. | CAUSE NO. 3:26-cv-40-KHJ-RPM |
| MISSISSIPPI STATE BOARD OF MEDICAL LICENSURE, et al. | DEFENDANT |

# RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendants Mississippi State Board of Nursing ("MSBN") and the individually named Board members (collectively, the "MSBN Defendants") respectfully submit this Response in Opposition to Plaintiff's Motion to Compel Discovery. The MSBN Defendants oppose the motion for the reasons set forth fully in their separately filed **Memorandum in Opposition to Plaintiff's Motion to Compel Discovery**, filed simultaneously herewith and incorporated herein by reference.

## 1. Response to Plaintiff's Request for an Order Compelling Discovery

As explained more fully in the accompanying memorandum, the MSBN Defendants have undertaken substantial, ongoing ESI collection and review efforts, and continue to work cooperatively with Plaintiff to refine search terms, identify custodians, and complete production. A proportionate compliance order, if any relief is deemed necessary, is the appropriate remedy under Rules 26 and 37.

**2. Response to Plaintiff's Request for Sanctions and Fees**

Plaintiff's request for sanctions—including fees, compelled vendor retention, and punitive measures—is not supported by the record. The circumstances described in the memorandum demonstrate substantial justification and good-faith efforts that preclude sanctions under Rule 37.

**3. Response to Plaintiff's Request to Impose Its Proposed ESI Protocol**

For the reasons explained in the memorandum, Plaintiff's proposed ESI protocol should not be imposed as a sanction. The parties remain engaged in discussions, and any protocol should be adopted based on technical feasibility and proportionality—not as a punitive measure.

**4. Response to Plaintiff's Request to Deem Objections Waived**

Plaintiff's request for wholesale waiver of objections should be denied. As set forth in the memorandum, the delay resulted from technical and operational challenges in executing complex ESI searches and does not constitute refusal to comply. Rule 33(b)(4) allows the Court to excuse untimeliness for good cause, which exists here. At most, objections should be evaluated individually based on their merits.

**5. Alternative Relief**

Should the Court determine that additional direction is warranted, the MSBN Defendants request a short, defined compliance period and authorization to continue

rolling production, accompanied by a status report, rather than the extraordinary relief sought by Plaintiff.

**WHEREFORE**, the MSBN Defendants respectfully request that the Court:

1. **Deny** Plaintiff's Motion to Compel to the extent it seeks sanctions, vendor retention, imposition of Plaintiff's ESI protocol, and waiver of objections;
2. **Deny** Plaintiff's request for attorney's fees and expenses;
3. **Alternatively**, allow a reasonable deadline (such as twenty-one (21) days) to complete responses and continue rolling production with a status report; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**MISSISSIPPI STATE BOARD OF NURSING AND THE INDIVIDUALLY NAMED BOARD MEMBERS, DEFENDANTS**

By: /s/ *Franklin Garrison*
FRANKLIN GARRISON, MSB #99587
Special Assistant Attorney General
*Counsel for the MSBN Defendants*
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISON
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3523
Facsimile: (601) 359-2003
Franklin.garrrison@ago.ms.gov

**CERTIFICATE OF SERVICE**

I, Frank Garrison, Special Assistant Attorney General and attorney for the above-named State Defendants, do hereby certify that I have this date caused to be served, via e-mail, a true and correct copy of the above and foregoing all counsel of record in this matter.

THIS the 21st day of October, 2026.

_/s/Frank Garrison _
FRANK GARRISON