**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**AMERICAN COLLEGE OF NURSE-MIDWIVES** — **PLAINTIFF**

**VS.** — **CAUSE NO. 3:26-cv-40-KHJ-RPM**

**MISSISSIPPI STATE BOARD OF MEDICAL LICENSURE, et al.** — **DEFENDANT**

# MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendants Mississippi State Board of Nursing ("MSBN") and the individually named members of the Board (collectively, the "MSBN Defendants"), by and through undersigned counsel, respectfully submit this Memorandum in Opposition to Plaintiff American College of Nurse-Midwives' ("ACNM" or "Plaintiff") Motion to Compel Discovery. [19][20]. The MSBN Defendants acknowledge their obligation to respond to properly served discovery requests and do not seek to avoid their discovery obligations. Rather, they oppose the extraordinary and potentially disproportionate relief Plaintiff seeks in light of the substantial collection and review efforts already underway, the technical and logistical challenges associated with gathering electronically stored information ("ESI"), and the parties' continuing good faith efforts to resolve outstanding discovery issues.

As explained below, the Court should deny Plaintiff's requests for sanctions, compelled retention of a third-party vendor, and imposition of Plaintiff's proposed ESI protocol as a sanction. Alternatively, to the extent the Court concludes that additional relief is necessary to facilitate discovery, the MSBN Defendants

respectfully request a reasonable, defined period to complete their written responses and continue rolling production under an orderly, technically workable discovery process.

## INTRODUCTION

Plaintiff characterizes the MSBN Defendants' conduct as an utter disregard of their discovery obligations. That characterization fails to account for the substantial efforts currently undertaken[1] to identify, collect, process, and review potentially responsive information maintained across electronic systems shared with other state entities. The MSBN Defendants and counsel have been working to gather a significant volume of ESI while coordinating with centralized state information-technology personnel, evaluating search terms that have generated tens of thousands of potential results, and addressing patient and professional confidentiality concerns associated with sensitive regulatory records.

The MSBN Defendants recognize that the existence of technical difficulties does not eliminate their obligation to provide timely discovery responses. Nor do Defendants contend that their ongoing efforts, standing alone, foreclose an order compelling compliance. Those efforts are nevertheless relevant to the appropriate scope of relief, the reasonableness of a proposed compliance schedule, and whether an award of expenses or additional sanctions would be justified.

The available collection and review figures demonstrate that this is an active discovery project, not a refusal to participate in discovery. Search terms provided by

[1] While not excusing the delay, the delay was caused, in part, by transition of personnel within the Mississippi Attorney General's Office necessitating appointment of undersigned counsel.

the plaintiffs used to query the MSBN's server generated more than 75,000 unique potential hits. In addition, the document collection involving the Mississippi State Board of Medical Licensure yielded more than 18,000 documents, and approximately 4,200 documents were identified as responsive following approximately 40 hours of review by three attorneys. These figures illustrate the volume of information requiring evaluation and the need to distinguish responsive, nonresponsive, duplicative, privileged, and confidential materials before production.

The parties have also continued communicating about custodians, search terms, and the parameters governing ESI collection and production. Although these discussions have not eliminated every outstanding issue, they reflect efforts to establish a workable process rather than an intent to withhold discoverable information.

The MSBN Defendants therefore request that the Court evaluate Plaintiff's requested relief in light of the actual discovery efforts, the proportionality requirements of Federal Rule of Civil Procedure 26, and the distinct standards governing compelled discovery and sanctions under Rule 37. At a minimum, the Court should permit a short, defined compliance period before requiring the expense and disruption of a court-imposed vendor arrangement or a unilateral ESI protocol.

**BACKGROUND**

The MSBN Defendants provide the following additional context concerning their efforts to respond to Plaintiff's discovery requests.

First, following service of Plaintiff's requests, the MSBN Defendants began coordinating the identification and collection of potentially responsive information. The Board's obligations include preserving and producing discoverable information while taking appropriate steps to protect confidential licensure and regulatory records and to comply with applicable record-handling requirements.

Second, the Board's electronic systems are maintained through centralized state information-technology infrastructure. Accordingly, collection activities require coordination with state IT personnel whose responsibilities extend beyond this litigation. Counsel cannot independently direct every technical step or schedule each collection activity without regard to the availability and operational requirements of those personnel.

Third, the scope of the electronic search has required additional technical evaluation. Search terms proposed by Plaintiff for the MSBN server generated more than 75,000 unique potential hits. Such results require processing and review to determine which materials are responsive to the actual requests. The number of potential hits does not establish the number of unique responsive documents, and the results must be evaluated before Defendants can reliably determine the scope of responsive production. After communicating these numbers to plaintiffs' counsel, the parties agreed to re-do the search, with new search terms provided by plaintiff.

Fourth, the discovery effort also involves identifying, collecting, reviewing and categorizing documents and information maintained by the Mississippi State Board of Medical Licensure. Plaintiff has acknowledged that the Medical Board server alone

returned more than 18,000 documents.[2] The MSBN Defendants must ensure that information attributable to their own custodians and systems is properly identified and that their production obligations are not conflated with those of a separate defendant agency. To the extent collections or review figures relate to the Medical Board rather than the MSBN, those figures should be understood as illustrating the broader technical environment, not as establishing the number of responsive MSBN documents.

Fifth, the MSBN Defendants have devoted substantial attorney time to reviewing collected materials. Approximately 40 hours of review by three attorneys resulted in the identification of approximately 4,200 responsive MSBML documents. That work reflects meaningful progress while also demonstrating that identification and collection alone does not complete the production process.

Finally, the parties have continued communicating in good faith about the status of collection, proposed search terms, custodians, and an ESI protocol. Defendants previously represented that written responses and production were expected imminently based on their understanding of the collection process. Although the anticipated timing has not been achieved, the delay resulted from the demands of the ongoing collection and review process rather than a decision to disregard discovery obligations.

The MSBN Defendants recognize that Plaintiff remains entitled to appropriate discovery and that further progress must be measured by actual responses and

---

[2] As with the search terms plaintiff provided to the MSBN, plaintiff and MSMBL defendants have agreed to run a new search for documents, with amended search terms provided by plaintiff.

production. The question before the Court, however, is not simply whether the parties have experienced delay. It is whether the particular relief Plaintiff requests is warranted under the Federal Rules and whether a reasonable compliance order can address any remaining deficiencies without imposing unnecessary expense or disproportionate measures.

## ARGUMENT

### I. THE COURT SHOULD ADDRESS ANY OUTSTANDING DISCOVERY THROUGH A PROPORTIONATE COMPLIANCE ORDER.

Federal Rule of Civil Procedure 37(a) permits a party to move for an order compelling disclosure or discovery when another party fails to provide required information. Fed. R. Civ. P. 37(a)(1)–(3). The MSBN Defendants do not dispute that the Court has authority to order appropriate responses and production. Any order should account for the actual status of collection and review, the technical demands of the project, and the need to complete production in an orderly manner.

Rule 26(b)(1) limits discovery to nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case. Proportionality requires consideration of the importance of the issues, the amount in controversy, the parties' relative access to relevant information, their resources, the importance of the discovery in resolving the issues, and whether the burden or expense of proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C) further requires the Court to limit discovery that is unreasonably cumulative or duplicative, can be obtained from a more convenient or less burdensome source, or falls outside the permissible scope of discovery.

These principles apply to ESI collection and production. The Federal Rules do not require a responding party to disregard technical realities or incur any expense demanded by the requesting party regardless of proportionality. They instead contemplate a discovery process tailored to the case, with judicial intervention where necessary to resolve specific disputes.

Here, the collection process has involved multiple electronic repositories, coordination with centralized state IT personnel, search terms generating more than 75,000 potential MSBN hits, and substantial attorney review. Those circumstances warrant consideration when determining an appropriate deadline and whether further technical measures are necessary. The MSBN Defendants have not claimed that their public-agency status exempts them from discovery; rather, the Board's technical infrastructure and limited control over centralized IT scheduling help explain why a workable compliance schedule is appropriate.

The parties' continuing discussions and negotiations concerning custodians, search terms, an agreed protective order, and an ESI protocol also bear on the appropriate remedy. An ESI protocol can materially affect the volume, format, cost, and timing of production. Requiring immediate compliance with disputed technical parameters without first addressing those issues could increase expense without improving the completeness or usefulness of the resulting production.

The MSBN Defendants therefore respectfully request that the Court deny Plaintiff's request for extraordinary relief and, if the Court finds that outstanding responses or production require judicial direction, enter a reasonable order specifying

the remaining tasks and deadlines. Such an order would preserve Plaintiff's right to discovery while allowing the MSBN Defendants to complete collection, review, and production in a technically sound manner.

## II. THE RECORD DOES NOT WARRANT AN AWARD OF EXPENSES OR ADDITIONAL SANCTIONS.

### A. Rule 37 distinguishes an order compelling discovery from sanctions for noncompliance with a court order.

Rule 37 provides different remedies for different discovery failures. Under Rule 37(a)(5), an award of expenses associated with a motion to compel depends on the disposition of the motion and the circumstances specified in the Rule. If the motion is granted, the Court generally must award reasonable expenses after an opportunity to be heard, subject to exceptions where the movant failed to make a good-faith effort to resolve the dispute, the opposing party's position was substantially justified, or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied, the Court may award expenses to the opposing party, subject to the exceptions in Rule 37(a)(5)(B). If the motion is granted in part and denied in part, the Court may apportion expenses under Rule 37(a)(5)(C).

By contrast, Rule 37(b) addresses a party's failure to obey a discovery order and authorizes additional sanctions when its requirements are satisfied. Fed. R. Civ. P. 37(b)(2). The Court should distinguish the authority to compel outstanding responses from the imposition of additional sanctions intended to address disobedience or other sanctionable conduct.

To the extent Plaintiff seeks an award of expenses under Rule 37(a)(5), the MSBN Defendants submit that their ongoing collection and review efforts, technical dependencies, and continuing discovery communications are relevant to whether their conduct was substantially justified and whether other circumstances make an award unjust. To the extent Plaintiff seeks sanctions premised on disobedience of a prior order, the Court should determine precisely what the order required, what deadlines applied, and whether the challenged conduct constitutes a violation warranting the requested remedy.

The MSBN Defendants do not suggest that a prior discovery order is always necessary before a court may address an unserved response. Rule 37(d), for example, separately addresses a party's failure to serve answers or objections to interrogatories or a written response to a request for inspection under Rule 34. Fed. R. Civ. P. 37(d)(1)(A)(ii). Accordingly, the Court should evaluate the specific discovery requests, their service and response deadlines, the relief requested, and the governing subsection of Rule 37 rather than treating all forms of discovery relief as subject to a single standard.

### B. The MSBN Defendants' efforts provide substantial justification for a measured remedy.

Since MSBN's change of counsel, the MSBN Defendants have been engaged in the process of gathering and reviewing ESI. The Board's centralized electronic infrastructure requires coordination with state IT personnel. Plaintiff's proposed search terms generated a large volume of potential results, and collected materials require attorney review before production. The Board must also take appropriate

steps to identify responsive materials and protect privileged or sensitive and confidential information.

These circumstances do not excuse indefinite delay, and the MSBN Defendants recognize that anticipated production dates must be followed by actual production. They do, however, provide a concrete explanation for why the process has taken longer than expected. The Court should consider those facts when evaluating whether an award of expenses or additional sanctions would serve a legitimate purpose.

The MSBN Defendants have not represented that they intend to withhold discoverable materials. Rather, their efforts have been directed toward collection, review, and the development of workable ESI procedures. Plaintiff's characterization of the delay as an utter disregard of discovery obligations overlooks that distinction.

The MSBN Defendants accordingly request that the Court deny Plaintiff's request for sanctions or expenses. Alternatively, if the Court determines that some portion of the motion is justified, the Court should limit any expense award to amounts properly attributable to that portion of the motion and consider the substantial work already undertaken, the technical circumstances, and the availability of a less burdensome remedy.

### C. The Court should consider the parties' efforts to resolve the dispute and the actual prejudice alleged.

Rule 37(a)(1) requires a motion to compel to include a certification that the movant has in good faith conferred or attempted to confer with the opposing party to obtain discovery without court action. The requirement promotes resolution of

discovery disputes through meaningful communication before judicial intervention becomes necessary.

The MSBN Defendants have communicated with Plaintiff concerning the status of collection, protective order, and the ESI protocol. Those discussions have involved the scope of the search, custodians, and technical parameters. The parties' continuing disagreement does not, by itself, establish that either side has failed to act in good faith.

The Court should consider the substance and timing of those communications, the extent to which the parties attempted to resolve the specific issues presented in the motion, and whether Plaintiff's requested remedies were necessary when the motion was filed. The MSBN Defendants recognize that a meet-and-confer obligation does not permit a party to postpone responses indefinitely. Nevertheless, where the parties are actively working through technical discovery issues, a defined compliance order may be more appropriate than imposing sanctions before the outstanding issues have been addressed.

The MSBN Defendants further request that any determination concerning prejudice be tied to the record. If Plaintiff identifies a concrete deadline, specific discovery need, or particular category of documents that cannot be obtained through the ongoing process, the Court can address that concern directly. A short compliance period with rolling production and a status report would protect Plaintiff's legitimate discovery interests while avoiding unnecessary expense.

## III. PLAINTIFF HAS NOT ESTABLISHED THAT THE COURT SHOULD COMPEL THE MSBN DEFENDANTS TO RETAIN A THIRD-PARTY ESI VENDOR.

Plaintiff requests relief that would require the MSBN Defendants to retain an outside vendor to conduct or assist with ESI collection. That request should be denied on the present record.

The Federal Rules permit courts to manage discovery and impose appropriate conditions when necessary. See Fed. R. Civ. P. 16, 26(c), 26(b)(2)(C). But the availability of judicial authority to regulate ESI discovery does not establish that the particular vendor arrangement requested by Plaintiff is necessary or proportionate in this case.[3]

The MSBN Defendants have already undertaken collection and review efforts and kept plaintiff apprised of same. The Board has coordinated with centralized state IT personnel, evaluated the results of proposed searches, and devoted attorney time to reviewing collected materials. The fact that the process remains incomplete does not, without more, establish that existing collection methods are inadequate or that a private vendor is the only reasonable means of completing discovery.

The Court should also consider the potential costs and operational consequences of the requested relief. Retaining a vendor may involve additional charges for collection, processing, hosting, deduplication, search-term testing, and review-platform services. Depending on the scope of the proposed engagement, it may

[3] Given the budgetary concerns, the MSBN and MSMBL defendants were recently able to temporarily use the Relativity AI program from a local law firm to sort through the voluminous MSBML documents captured by the search terms provided by the plaintiff. MSBN anticipates using the same program with MSBN documents captured by the plaintiff's new search terms.

also require new technical access arrangements and coordination with state IT personnel. These considerations do not categorically preclude vendor assistance, but they weigh against ordering it without a particularized showing that the proposed arrangement is needed to remedy an identified deficiency.

The appropriate inquiry is whether the existing process can produce responsive, nonprivileged information within a reasonable period and whether a less burdensome measure would suffice. The MSBN Defendants submit that a short, court-ordered completion schedule, accompanied by rolling production and a status report, is a more proportionate first step than immediately requiring a third-party vendor.

If the Court nevertheless determines that outside assistance is necessary, the MSBN Defendants respectfully request that any order define the vendor's role, scope of work, cost allocation, access limitations, confidentiality safeguards, and reporting obligations. Any vendor arrangement should be narrowly tailored to the identified problem rather than imposed as a punitive measure.

## IV. PLAINTIFF'S PROPOSED ESI PROTOCOL SHOULD NOT BE IMPOSED AS A SANCTION WITHOUT A PARTICULARIZED SHOWING THAT ITS TERMS ARE NECESSARY AND PROPORTIONATE.

The parties have been discussing the parameters for ESI collection and production, including custodians and search terms. Plaintiff's request to impose its preferred protocol as a sanction would bypass the necessary analysis of whether the proposed terms are appropriate for the sources of information, the issues in the case, and the burden of collection and review.

Rule 26 requires discovery to be relevant and proportional. Fed. R. Civ. P. 26(b)(1). An ESI protocol should implement those requirements by defining a workable process for identifying, collecting, searching, reviewing, and producing responsive materials. Both parties submitted to each other proposed ESI protocols based on ESI protocols employed in prior cases. Plaintiff refused the Defendants' suggested protocol and Defendants refused plaintiff's proposed protocol. The parties are working through the differences and the refusal by either party to adopt wholesale the suggested ESI protocol from the opposing party should be treated as bad faith. Neither party's preferred protocol should be adopted automatically without consideration of the actual systems, the information sought, and the likely burden and benefit of the proposed procedures.

The search results already described illustrate why this analysis matters. Search terms directed to the MSBN server generated more than 75,000 potential hits. That volume calls for a careful assessment of search precision, potential duplication, relevant custodians, and the costs of reviewing the resulting materials. It does not necessarily establish that the search terms are unreasonable, but it demonstrates why technical refinement and an informed evaluation of the results are important.

The MSBN Defendants do not oppose a reasonable ESI protocol. They request that the parties be allowed to continue their efforts to agree on one, or that the Court resolve any remaining disagreements by evaluating the two suggested protocols. If necessary, the Court may establish a protocol that identifies custodians and sources, defines reasonable search parameters, sets production formats and deadlines,

addresses privilege and confidentiality, and provides a process for resolving disagreements about search results.

The Court should distinguish between establishing appropriate procedures for future discovery and imposing a sanction for past conduct. A protocol may be warranted as a case-management measure even without misconduct, but its imposition as a sanction should not be used to punish a party merely because technical negotiations have taken longer than anticipated. Any required measures should be directed toward obtaining complete and usable discovery, not imposing unnecessary costs.

For these reasons, the MSBN Defendants respectfully request that the Court deny Plaintiff's request to impose its proposed ESI protocol as a sanction. Alternatively, the Court should direct the parties to submit a joint proposed protocol or, if agreement cannot be reached, separate proposals identifying the specific disputed provisions and each side's reasons for its position.

## V. A SHORT, DEFINED COMPLIANCE PERIOD IS THE MOST APPROPRIATE ALTERNATIVE IF THE COURT DETERMINES THAT RELIEF IS NECESSARY.

The MSBN Defendants recognize the Court's interest in meaningful progress and the need to ensure that discovery is completed within the applicable schedule. They therefore propose a practical alternative should the Court determine that outstanding responses or production require a formal order.

The Court could allow the MSBN Defendants twenty-one (21) days from entry of an order to serve appropriate written responses and objections, complete the next stages of collection and review, and continue rolling production of responsive,

nonprivileged materials. The Court could also alternatively require a status report identifying the progress made, any remaining sources of ESI, the status of the proposed protocol, and any concrete obstacle that remains.

This approach would provide Plaintiff with a firm deadline and a mechanism for monitoring compliance. It would also allow the MSBN Defendants to finish the work already underway without immediately imposing the additional costs associated with a court-mandated vendor or a disputed technical protocol.

If the parties remain unable to agree on specific ESI issues after that period, they could identify those issues for prompt resolution by the Court. This would focus judicial intervention on concrete disputes rather than requiring the Court to impose broad technical requirements before the parties have completed their ongoing discussions.

A defined compliance period is not a request for indefinite delay. It is a request for a measured remedy that accounts for the work already completed, establishes clear expectations, and preserves Plaintiff's ability to seek further relief if the MSBN Defendants fail to comply.

## VI. PLAINTIFF'S REQUEST FOR A WAIVER OF ALL MSBN OBJECTIONS SHOULD BE DENIED

In Plaintiff's Motion to Compel and supporting Memorandum [19][20], Plaintiff also seeks to have Defendants' objections to discovery requests deemed waived based on the timing of Defendants' responses. Although Defendants acknowledge that their responses were not timely served, the circumstances surrounding the delay warrant consideration before the Court imposes the sweeping relief Plaintiff requests.

The delay did not result from an effort to obstruct discovery or obtain a tactical advantage. Rather, responding to Plaintiff's electronically stored information ("ESI") requests required substantial technical work involving complex Boolean search strings, repeated modifications to search syntax, compatibility limitations within Microsoft products, and extended processing times requiring the involvement of the Board's limited information-technology resources. Plaintiff's changing search requirements and the need to test and refine searches further complicated the process.

Throughout these efforts, counsel for the Board has communicated with Plaintiff concerning the technical issues, provided information regarding search results, identified compatibility problems, and worked to move discovery forward. The Board's conduct reflects an effort to address technically demanding discovery requests in good faith, not a deliberate refusal to comply with the Federal Rules of Civil Procedure.

The Board recognizes that Rule 33(b)(4) provides for waiver of untimely interrogatory objections unless the Court excuses the failure for good cause. The Board therefore does not contend that a short delay, lack of prejudice, or good-faith conduct automatically preserves every objection. Instead, the Board requests that the Court consider the particular circumstances of the delay, the technical demands of the ESI requests, the parties' communications and conduct, and the merits of the objections at issue.

For these reasons, the Court should deny Plaintiff's request for wholesale waiver. Alternatively, the Court should determine the status of particular objections individually and permit appropriate supplementation where necessary.

## A. LEGAL STANDARD:

### 1. Untimely objections may be excused for good cause

Federal Rule of Civil Procedure 33(b)(2) generally requires a party to serve interrogatory answers and objections within thirty days after service, unless a different period is stipulated to or ordered by the Court. Rule 33(b)(4) provides that any ground not stated in a timely objection is waived unless the Court, for good cause, excuses the failure.

Rule 34(b)(2)(A) likewise generally requires written responses to requests for production within thirty days. Rule 34(b)(2)(B) requires objections to state their grounds with specificity, and Rule 34(b)(2)(C) requires a party to identify whether responsive materials are being withheld on the basis of an objection.

The Fifth Circuit has recognized the general rule that untimely objections to interrogatories and production requests can be waived. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). The Court must therefore consider whether the circumstances justify excusing untimeliness rather than assuming all objections necessarily remain unavailable.

The Southern District of Mississippi has recognized that an untimely response does not invariably require wholesale waiver of all objections. In *Willis v. City of Hattiesburg*, No. 2:14-CV-89-KS-MTP, 2016 WL 918038 (S.D. Miss. Mar. 10, 2016),

the court declined to find that the alleged failure to provide timely discovery responses required waiver of all objections. The court evaluated the disputed requests and determined the appropriate scope of discovery based on the circumstances and the requests' breadth and proportionality.

*Willis* supports the proposition that the Court can and should evaluate the actual discovery dispute and the circumstances presented rather than mechanically imposing wholesale objection waivers. It does not, however, eliminate Rule 33(b)(4)'s good-cause requirement or guarantee that untimely objections will be preserved.

### 2. The scope of permissible discovery remains governed by Rule 26(b)(1).

Rule 26(b)(1) limits discovery to nonprivileged matters relevant to a party's claims or defenses and proportional to the needs of the case. In evaluating proportionality, the Court considers the importance of the issues, the amount in controversy, the parties' relative access to relevant information, their resources, the importance of the discovery in resolving the issues, and whether the burden or expense outweighs its likely benefit.

These considerations are particularly relevant to Plaintiff's technically demanding ESI requests. The Board's resources, the processing requirements associated with the proposed search methodology, and the relationship between the requested information and the claims and defenses bear on the appropriate scope and method of discovery.

Rule 26(b)(1), however, does not automatically preserve an untimely objection. Rather, the Board requests that the Court consider proportionality when determining whether the disputed requests should be enforced and what relief, if any, is appropriate.

## B. ARGUMENT

### 1. The technical demands of Plaintiff's ESI requests provide important context for the delay.

The circumstances surrounding the Board's discovery efforts support excusing the delay to the extent the Court finds good cause.

Plaintiff's ESI requests required the Board to implement complex, multi-field Boolean searches within its Microsoft 365 environment. The proposed search methodology required interpretation, testing, refinement, and repeated processing. Certain proposed search syntax was incompatible with the Board's systems, requiring the Board to identify the problem, revise the search parameters, and rerun searches that required extended processing time.

The Board operates as a state regulatory agency with limited information-technology resources. Responding to the requests required personnel to devote time to search design, compatibility testing, processing, and evaluation of the resulting information while continuing the Board's ordinary regulatory responsibilities.

The Board does not suggest that a party's limited resources or technical difficulties automatically excuse an untimely response. Those circumstances are nevertheless relevant to determining whether the delay was justified and whether the Board acted diligently and in good faith.

The Board's communications with Plaintiff, disclosure of search hit counts, explanations of technical limitations, and efforts to refine the searches demonstrate that it was and is working to address the discovery requests. The Court should consider this when evaluating the reason for the delay and whether the circumstances warrant excusing the untimeliness.

### 2. The parties' communications and Plaintiff's evolving search requirements weigh against treating the delay as deliberate noncompliance.

The discovery history should be considered. The Board communicated technical problems to Plaintiff, explained the limitations encountered, and attempted to identify workable search methods. Plaintiff's modifications to the proposed search terms and insistence on search syntax that the Board's systems could not reliably execute contributed to the complexity of the process.[4]

The Board does not contend that Plaintiff's participation relieved it of its obligations under Rules 33 and 34. Rather, the parties' communications and the evolution of the search methodology help explain why the discovery process required additional time.

The Board's conduct is inconsistent with an intentional strategy to withhold discovery. Its efforts to explain technical limitations, provide interim information and updates, and refine search methods support its position that the delay was not and is not a refusal to participate in discovery.

[4] As noted in its response to the plaintiff's motion to compel, filed simultaneously herewith, the parties have agreed the plaintiff will submit amended search terms to run on MSBN databases.

The Court should therefore evaluate the Board's explanation and the parties' actual conduct in determining whether good cause exists to excuse the untimeliness of the objections.

### 3. The absence of meaningful prejudice weighs against the sweeping relief Plaintiff requests.

Plaintiff must identify the practical consequences of the delay if it seeks relief beyond addressing any remaining discovery deficiencies. The Board has consistently provided interim information and explanations concerning the searches, and it has continued working to address Plaintiff's discovery requests.

On the present record, Plaintiff has not identified a specific loss of evidence, an inability to conduct a deposition, or another concrete impairment of its ability to litigate the case attributable to the delay. To the extent Plaintiff identifies outstanding discovery, the parties and the Court can address those deficiencies through targeted supplementation and reasonable discovery procedures.

The absence of demonstrated prejudice does not independently establish good cause under Rule 33(b)(4), nor does it eliminate the general waiver rule recognized in *In re United States*. It is nevertheless a relevant consideration in evaluating the circumstances and determining the appropriate remedy.

In *Willis*, the Southern District of Mississippi declined to treat untimely discovery responses as requiring waiver of every objection and instead evaluated the disputed requests considering their scope and proportionality. *Willis*, 2016 WL 918038. That approach is appropriate here. The Court should determine whether particular objections are supportable and whether particular requests require a

narrower search or supplemental response, rather than treating the procedural delay as dispositive of every discovery issue.

#### 4. The Court should evaluate the objections in light of the specific requests, the technical burdens involved, and Rule 26(b)(1).

The Board's objections concern, among other things, overbreadth, proportionality, undue burden, technical feasibility, and the relationship between the requested information and the claims and defenses. For example, the gist of the dispute herein involves issues of competitiveness and constitutionality of regulations and statutes regarding nurse midwives yet the plaintiff insists on sweeping requests for information and documents concerning nurse practitioners, advanced practice registered nurses and physician assistants – none of which assert claims in this action.

The objections should be assessed against the actual scope of Plaintiff's requests and the technical requirements of the proposed searches. A search that requires repeated, full-scale processing across multiple fields may impose a materially different burden from a narrowly tailored search directed to particular custodians, subjects, or time periods.

The Board therefore requests that the Court examine whether the disputed requests can be addressed through narrower search terms, more focused custodians, reasonable date restrictions, staged production, or other practical measures that preserve access to relevant information while avoiding disproportionate burden.

The Board also requests an opportunity to substantiate its objections with appropriate information concerning the search methodology, processing requirements, and anticipated burden. General assertions that a request is burdensome or technically infeasible are not sufficient by themselves; the Board recognizes that it must provide a request-specific basis for the objections it seeks to preserve.

The Board's position is not that untimely objections must be sustained simply because they concern ESI. Rather, the technical circumstances and recent record of good faith provide context for the delay, while Rule 26(b)(1) supplies the governing standard for determining the permissible scope of discovery.

### 5. Privilege and work-product claims should be addressed separately under the applicable rules.

To the extent the disputed objections invoke attorney-client privilege or work-product protection, the Board requests that the Court evaluate those claims separately from objections based on ordinary relevance, overbreadth, or burden.

Federal Rule of Civil Procedure 26(b)(5)(A) requires a party withholding information based on privilege or trial-preparation protection to expressly assert the claim and describe the nature of the withheld material sufficiently to permit the opposing party to assess the claim without revealing protected information.

The Board does not contend that privilege or work-product protection can never be waived through delay. Nor does the Board suggest that a party may avoid the requirements of Rule 26(b)(5) merely by invoking a privilege in an untimely

response. Instead, the Board requests that any privilege or work-product claim be evaluated considering the nature of the material, the circumstances surrounding the delay, and the adequacy of the information provided to substantiate the claim.

To the extent necessary, the Board requests the opportunity to provide a privilege log and to clarify the basis for particular assertions of privilege or work-product protection as to applicable documents once the plaintiff provides new search terms to query the MSBN systems. The Court should determine the validity of those claims under the applicable rules rather than assume that every protected communication or document is discoverable solely because the responses were late.

### 6. Any relief should be tailored to the discovery dispute rather than imposed as a blanket consequence.

The Board asks the Court to consider the actual reasons for the delay, the Board's continued documented efforts to address Plaintiff's requests, the technical limitations and challenges encountered, the parties' communications, and the merits of the disputed objections.

If the Court concludes that objections were waived or inadequately supported, the Board requests that the Court identify those objections and determine the appropriate consequence for the affected requests. Where appropriate, the Court may permit supplemental responses, require a more focused search, or establish a reasonable deadline for additional production.

This approach would allow Plaintiff to obtain discovery to which it is entitled while preserving objections that the Court finds should be excused or that are

otherwise legally sustainable. It would also avoid resolving distinct questions of relevance, proportionality, technical feasibility, and privilege through a single blanket determination.

The Board therefore respectfully requests that the Court deny Plaintiff's request for wholesale waiver and instead evaluate the disputed objections under the Federal Rules of Civil Procedure and the specific circumstances of the discovery at issue.

## CONCLUSION

For the foregoing reasons, Defendants Mississippi State Board of Nursing and the individually named Board members respectfully request that the Court:

1. **DENY** Plaintiff's Motion to Compel to the extent it seeks sanctions, compelled retention of a third-party ESI vendor, or imposition of Plaintiff's proposed ESI protocol as a sanction;

2. **DENY** Plaintiff's request for attorney's fees, expenses, and other sanctions, except to the extent the Court determines that a particular award is required under the applicable provision of Rule 37;

3. **DENY** Plaintiff's Motion to Deem Discovery Objections Waived.

4. Alternatively, **DEFER** consideration of the requested extraordinary relief and allow the MSBN Defendants twenty-one (21) days from entry of an order to serve appropriate written responses, continue rolling production, and provide a status report concerning remaining collection and ESI issues; and, further,

requests that the Court evaluate the disputed objections individually, permit appropriate supplementation, and limit any waiver determination to objections the Court finds were not preserved or otherwise lack a sufficient legal and factual basis; and

5. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully submitted,

**MISSISSIPPI STATE BOARD OF NURSING AND THE INDIVIDUALLY NAMED BOARD MEMBERS, DEFENDANTS**

By: /s/ *Franklin Garrison*
FRANKLIN GARRISON, MSB #99587
Special Assistant Attorney General
*Counsel for the MSBN Defendants*
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISON
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3523
Facsimile: (601) 359-2003
Franklin.garrrison@ago.ms.gov

**CERTIFICATE OF SERVICE**

I, Frank Garrison, Special Assistant Attorney General and attorney for the above-named State Defendants, do hereby certify that I have this date caused to be served, via e-mail, a true and correct copy of the above and foregoing all counsel of record in this matter.

THIS the 21st day of October, 2026.

*/s/Frank Garrison*
FRANK GARRISON