**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

AMERICAN COLLEGE OF NURSE-MIDWIVES,

Plaintiff,

v.

MISSISSIPPI STATE BOARD OF MEDICAL LICENSURE, *et al.*,

Defendants.

Case No. 3:26-CV-00040-KHJ-RPM

**REPLY IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

The MSBN[1] Defendants' opposition does not respond to the key points that necessitated ACNM's Motion, but rather distracts from them. The MSBN Defendants write at length about the challenges of document production, but the Motion does not seek any immediate production. Instead, the Motion seeks complete, verified answers to discovery demands that were initially served in May and June. The MSBN Defendants did not timely respond to the demands then, or even after the Court's call for immediate progress on September 9, 2026. Instead, the MSBN Defendants served their answers only on October 21, 2026, the same day they responded to the Motion. Nothing excuses that delay, and so the Court should grant the Motion in full, including its award of reasonable expenses.

ACNM sought relief after the Court's September 21 deadline had passed and pursuant to the Court's express authorization to file an appropriate motion. The MSBN Defendants allowed

[1] Abbreviations used are the same as those in the Motion and supporting memorandum.

the deadlines for their written-responses to pass without serving answers or objections, then failed to deliver responses despite repeated assurances they were forthcoming and the Court's direction to make progress. ACNM had to file its Motion to obtain written responses that were already more than three months overdue.

The State's resource constraints may inform a reasonable schedule for document production. They do not explain why the MSBN Defendants could not serve written answers and objections on time or ask for additional time. ACNM has agreed to defer actual production while the parties resolve the ESI protocol and search terms. The Court can accommodate legitimate production needs while enforcing the MSBN Defendants' obligations.

Discovery has been set back for months, and ACNM has incurred the expense of pursuing responses through correspondence, conferences, and this motion. The record demonstrates that without the pressure of court intervention, Defendants materially and continuously failed to comply with their discovery obligations in a timely manner. Mere confirmation of another prospective deadline, without sanctions, would saddle ACNM with the consequences of Defendants' failures. Enforcing the MSBN Defendants' waiver and awarding reasonable motion expenses would give effect to the response deadlines, prevent further reliance on unexcused late objections, and place the cost of this motion where it belongs.

## **Background**

On October 21, 2026, two weeks after ACNM filed this motion, the MSBN Defendants served their first interrogatory answers and written RFP responses. The responses had been due June 29 and July 6, respectively, and the MSBN Defendants had not requested an extension of either deadline. Nor had the MSBN Defendants met the September 21, 2026, deadline for

meaningful progress set by Magistrate Judge Myers. The MSBN Defendants filed their opposition and supporting memorandum only on the same day they served their responses.

ACNM has agreed to defer the MSBN Defendants' actual document production pending resolution of the ESI protocol and search terms; no date for that production is called for in the Motion, which instead sought written responses of the type that the MSBN Defendants have now, at long last, served.

Those interrogatory responses, however, assert objections to all 27 interrogatories and repeatedly qualify the answers as "subject to and without waiving" those objections. The RFP responses assert similar individual objections to 18 of ACNM's 19 requests and generally promise production "subject to" or "without waiving" those objections. They do not state whether responsive materials will be excluded from production on the basis of the objections. Eight responses state that privileged or deliberative documents "will be logged." In their opposition, the MSBN Defendants ask the Court to excuse the untimeliness of its objections and deny ACNM's request to deem them waived. Dkt. No. 22 at 16–18.

## <u>Argument</u>

### A. The MSBN Defendants' Belated Responses Only Prove that the Motion Was Necessary

The MSBN Defendants finally served their answers only in direct response to the Motion, while making no other verifiable progress on discovery. And even then, the October 21 responses leave ACNM's requests for sanctions unresolved. If anything, the MSBN Defendants have proven that serving responses was always within their power, but that only a threat of sanctions would provide sufficient motivation. The MSBN Defendants continue to assert objections in both sets of responses and ask the Court to preserve them. The Court should instead

grant the Motion as filed and may defer any ruling on the newly served objections until that issue is ripe.

While litigation of specific objections would be premature—and should be unnecessary, in light of the MSBN Defendants' waiver—ACNM notes that the objections contain many defects identical to those identified by ACNM in deficiency letters previously sent to MSBML.[2] And the MSBN Defendants' objections other than privilege are waived in any case because they were not timely asserted. Fed. R. Civ. P. 34(b)(2)(A)–(B); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 283 (N.D. Tex. 2017).

But that is not the relief sought in this Motion. Neither is the immediate production of documents. Instead, the Motion seeks only appropriate steps to accelerate the discovery process and sanctions to disincentivize further intransigence. Belated service does not dispose of ACNM's request for expenses. Rule 37(a)(5)(A) expressly provides for an award when the requested discovery is supplied after the motion is filed, subject to exceptions that do not apply here. Fed. R. Civ. P. 37(a)(5)(A). The MSBN Defendants' eventual service in direct response to a motion to compel does not retroactively cure its earlier failure to respond or alter the fact that ACNM should recover the expenses of obtaining that response.

[2] These letters were sent on August 31, 2026, and September 4, 2026. MSBML has not yet responded, despite counsel's statement during an October 16, 2026, call that some form of response would be provided the following week. Upon receipt of a response (or further undue delay), ACNM anticipates meeting and conferring with MSBML. If no satisfactory result is reached, ACNM will bring a separate motion to compel as necessary.

### B. The MSBN Defendants Have Not Established Good Cause to Excuse Their Untimely Objections

The MSBN Defendants concede that their responses were untimely but ask the Court to withhold sanctions because collecting and reviewing ESI has taken longer than expected. Dkt. No. 22 at 16–21. That explanation is a non-sequitur: no difficulty collecting ESI explains the MSBN Defendants' failure to serve written responses and objections for more than three months after they were due. Serving responses that continue to assert those objections leaves ACNM's request for a waiver determination unresolved.

#### 1. Difficulties Collecting ESI Are Not "Good Cause" for Failure to Serve Timely Written Answers and Objections or Seek an Extension

The MSBN Defendants' explanation concerns the mechanics of searching for documents: coordinating with state IT personnel, testing Boolean searches, processing results, and reviewing potentially responsive materials. Dkt. No. 22 at 17, 20–21. But that can have no bearing at all on the MSBN Defendants' failure to answer interrogatories. The MSBN Defendants could have provided available information and stated any objections or sought additional time to complete their answers. They did none of those things within the response period. Nor did they seek an extension. The opposition also refers to a transition of counsel but gives no dates or explanation connecting that transition to the missed deadlines or the ensuing months without written responses. *Id.* at 2 n.1.[3]

And even for RFPS, the MSBN Defendants' account does not explain why they could not state their objections within the response period. Determining whether to object to a request as overbroad, vague, or outside the Board's authority did not require completion of an electronic

[3] Plaintiffs learned of Defendants' counsel change only minutes before the status call with the Court on September 9.

document collection. Rule 34 required the MSBN Defendants to state whether they would permit discovery as requested or identify the grounds for objection. It did not permit them to defer that response until it had finished searching and reviewing its files.

The fact that ACNM already has agreed to defer actual document production—virtually ignored in Defendant's memorandum—does not alter that history. The agreement allows the parties to resolve the ESI protocol and search terms before production proceeds. It did not extend the deadline for written RFP responses, preserve objections that the MSBN Defendants had failed to assert, or extend the time to answer interrogatories. ACNM's willingness to accommodate production logistics supplies no basis to restore objections that were already untimely.

### 2. The MSBN Defendants' General Explanation Does Not Justify Preemptive Relief from Waiver

The MSBN Defendants assert their good faith and the absence of lost evidence or a missed deposition. Dkt. No. 22 at 21–22. Those considerations do not supply the missing explanation for their failure to respond. That is especially true in a case like this one, which seeks relief from ongoing constitutional and antitrust violations that jeopardize the health of mothers and babies in Mississippi. There is no basis for the MSBN Defendants' request for preemptive relief from their own waiver.

*Willis v. City of Hattiesburg* does not say otherwise. There, the Court addressed waiver only once the objections themselves were litigated, and exercised its discretion not to impose blanket waiver where there was an "alleged failure to provide timely responses" for an unstated amount of time. No. 2:14-cv-89-KS-MTP, 2016 WL 918038, at *2 n.3 (S.D. Miss. Mar. 10, 2016). ACNM does not dispute the Court's authority to control the scope of discovery. But that

authority does not establish good cause for the MSBN Defendants' lengthy and undisputed default of its obligations, particularly before those objections are litigated.

Nor does the narrow exception recognized in *In re United States* support wholesale preservation of objections. Although recognizing the general waiver rule, the Fifth Circuit declined to compel disclosure of particular records whose release Congress had expressly prohibited. 864 F.2d at 1156. The MSBN Defendants identify no comparable federal prohibition. Their request for separate consideration of privilege and work-product claims likewise supplies no justification for those objections. Dkt. No. 22 at 24–25. Any particular claim of protection must be identified and substantiated; a general reservation of privilege does not establish good cause for failing to serve timely written responses.

The Court should therefore reject the MSBN Defendants' request to excuse its untimeliness, and defer any ruling on waiver.

### C. The MSBN Defendants Have Not Established a Basis to Deny Rule 37 Expenses

The MSBN Defendants' opposition offers no substantial justification for leaving ACNM to seek judicial intervention to obtain written responses. Its request to distinguish an order compelling discovery from sanctions for violating an existing order, Dkt. No. 22 at 8–9, does not defeat ACNM's expense request. Expenses are merited under Rules 37(a)(5) and 37(d)(3), fully independent of the authority to sanction disobedience under Rule 37(b). *See, e.g.*, *Shumpert v. City of Tupelo*, 905 F.3d 310, 325 (5th Cir. 2018), *as revised* (Sept. 25, 2018); *Skelton v. Liberty Mut. Fire Ins. Co.*, 749 F. Supp. 3d 683, 686 (M.D. La. 2024). The MSBN Defendants acknowledge that Rule 37(d) applies to a failure to serve interrogatory answers or written Rule 34 responses without requiring a prior order compelling them. Dkt. No. 22 at 9. The absence of such an order therefore supplies no reason to deny the expenses caused by that failure.

The MSBN Defendants instead rely on their ongoing ESI work, technical difficulties, and communications with ACNM to argue that expenses would be unjustified. *Id.* at 9–11. The MSBN Defendants have made no productions. But even if they had, no difficulties account for the failure to serve written answers and objections or seek additional time. Moreover, the approximately 4,200 responsive documents and 40 hours of attorney review cited in the opposition concern MSBML's documents, as the MSBN Defendants themselves acknowledge. *Id.* at 5. Whatever those efforts show about the broader discovery project, they do not establish a justification for the MSBN Defendants' separate failure to respond. ACNM's agreement to defer actual production likewise provides no basis to excuse the written-response default or require ACNM to bear the resulting motion expenses.

The parties' continuing discussions do not establish that ACNM moved prematurely, especially given the length of the delay at issue. The MSBN Defendants ask the Court to consider whether the motion was necessary when filed. *Id.* at 11. At that point, the MSBN Defendants had served neither set of written responses despite ACNM's repeated requests and defense counsel's assurances that responses were forthcoming. Dkt. No. 20 at 3–4. ACNM sought relief after the Court's September 21 deadline had passed and pursuant to the Court's express authorization to file an appropriate motion. *Id.* at 3. The MSBN Defendants identify no timely response or extension agreement that made further informal efforts a reasonable substitute for the motion.

The MSBN Defendants also suggest that relief should turn on a specific unmet discovery need or documents that cannot be obtained through the ongoing process. Dkt. No. 22 at 11. Neither Rule 37(a)(5)(A) nor Rule 37(d)(3) makes reimbursement contingent on that additional showing. The expense of obtaining responses that should have been served without a motion is

itself the harm those provisions address. The MSBN Defendants' assertion that it did not intend to disregard discovery, *id.* at 10, does not establish substantial justification for its failure or make reimbursement unjust.

A prospective compliance schedule can facilitate production of the remaining outstanding discovery responses, but it does not reimburse ACNM for the motion already required. The Court should award ACNM its reasonable motion expenses under Rules 37(a)(5) and 37(d)(3), with the amount determined on a fee submission and after the MSBN Defendants have an opportunity to respond. If the Court grants the motion only in part, it may apportion those expenses under Rule 37(a)(5)(C).

## Conclusion

ACNM requests that the Court grant its Motion in full.

October 28, 2026

/s/ Michael L. Sibarium
MISSISSIPPI CENTER FOR JUSTICE
Robert B. McDuff, MS Bar# 2532
Paloma Wu
210 E. Capitol Street
Suite 1800
Jackson, MS 39201
TEL: (601) 259-8484
FAX: (601) 352-4769
rmcduff@mscenterforjustice.org

PILLSBURY WINTHROP SHAW
PITTMAN LLP
Michael L. Sibarium*
Drew A. Navikas*
1200 Seventeenth Street
Washington, DC 20036
TEL: (202) 663-8000
FAX: (202) 663-8007
michael.sibarium@pillsburylaw.com
drew.navikas@pillsburylaw.com

AMABEBE LAW PLLC
Eremipagamo M. Amabebe*
447 Broadway, Suite 2 #1169
New York, New York 10013
TEL: (212) 444-3960
eamabebe@amabebelaw.com
Attorneys for Plaintiff American College of
Nurse-Midwives

* Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I certify that on October 28, 2026, I electronically filed the foregoing document using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Michael L. Sibarium
Michael L. Sibarium

Attorney for Plaintiff American College of Nurse-Midwives